Fred W. Triem
Alaska Bar No. 7912140
Box 129
Petersburg, AK
99833-0129
(907) 772-3911 (phone & fax)
*triemlaw@alaska.net*
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA — FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| PETER ADAMS, | |
|     *Plaintiff,* | |
| vs. | Case No. _____ |
| KAKE TRIBAL CORPORATION [KTC], JEFFREY W. HILLS, AND ROBERT D. MILLS, | |
|     *Defendants.* | |

## COMPLAINT FOR CORPORATE GOVERNANCE

(ANCSA §§ 7(h)(1)(A) and 7(o) – [43 U.S.C. §§ 1606(h)(1)(A) and 1606(o)])

Peter Adams, plaintiff in the above captioned action, by and through his attorney, Fred W. Triem of Petersburg, Alaska, for his cause of action alleges and avers:

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

## I. PARTIES – Shareholder, Corporation, Corporate Officers

(1) Plaintiff Peter Adams [hereinafter: Adams] is a shareholder of Kake Tribal Corporation.

(2) Kake Tribal Corporation [hereinafter: KTC"] is an Alaska Native Village Corporation, as this term is defined in the Alaska Native Claims Settlement Act [ANCSA] § 3(j) [43 U.S.C. § 1602(j)]. KTC is incorporated in Alaska; KTC presently is a business-for-profit corporation in good standing with the Alaska Department of Commerce, Community, and Economic Development.

(3) Jeffrey W. Hills is the chief executive officer [CEO] of KTC.

(4) Robert D. Mills is the president of KTC, a member of its board of directors, and holds other offices within KTC's subsidiary and affiliate business enterprises and related corporations.

## II. JURISDICTION – Federal Question
### ANCSA §§ 7(h)(1)(A) and 7(o) [43 U.S.C. §§ 1606(h)(1)(A) and 1606(o)]

(5) This court has original jurisdiction over this civil action under 28 U.S.C. § 1331 because this suit arises under the laws of the United States, specifically: ANCSA §§ 7(h)(1)(A) and 7(o) [43 U.S.C. §§ 1606(h)(1)(A) and 1606(o)], as further explained in ¶¶ 10, *et seq.*, below.

(6) This court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution, as explained in ¶¶ 11, et seq., below.

(7) The United States District Court for the District of Alaska (i.e., *this* court) has personal jurisdiction over all of the parties to this action.

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

### III. VENUE – First Judicial District [28 U.S.C. § 81A]

(8) Venue is proper at Juneau, within the First Judicial District, because KTC maintains its headquarters and principal office in Kake, Alaska, which is situated within the First Judicial District, approximately 150 kilometers (90 miles) south of Juneau and approximately 175 kilometers (110) miles north of Ketchikan, Alaska.

(9) Juneau is one of the venue locations recognized in 28 U.S.C. § 81A.

### IV. PREDICATE FACTS – KTC Violates Principles of Corporate Governance – KTC fails to provide timely financial data, violates Equal Treatment Rule, etc.

(10) In some years, KTC conducts an audit of its financial records, a process that is required by ANCSA § 7(o) [43 U.S.C. § 1606(o)], which provides:

> **(o) Annual audit; place; availability of papers, things, or property to auditors to facilitate audits; verification of transactions; report to stockholders**
>
> The accounts of the Regional Corporation shall be audited annually in accordance with generally accepted auditing standards by independent certified public accountants or independent licensed public accountants, certified or licensed by a regulatory authority of the State or the United States. The audits shall be conducted at the place or places where the accounts of the Regional Corporation are normally kept. All books, accounts, financial records, reports, files, and other papers, things, or property belonging to or in use by the Regional Corporation and necessary to facilitate the audits shall be available to the person or persons conducting the audits; and full facilities for verifying transactions with the balances or securities held by depositories, fiscal agent, and custodians shall be afforded to such person or persons. <u>Each audit report or a fair and reasonably detailed summary thereof shall be transmitted to each stockholder</u> (underlining added).

(11) ANCSA § 7(h)(1)(A)(iii) confers upon KTC's shareholders certain rights and privileges of shareholding, including "all rights of a shareholder in a business

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
triemlaw@alaska.net

(907) 772-3911

corporation organized under the laws of the State."

(12)    The "laws of the State" include AS 10.06.433(a), which requires KTC to "send an annual report to the shareholders not later than 180 days after the close of the fiscal year," and which imposes a state law duty that is parallel to the federal law:

> **Sec. 10.06.433.    Annual report to shareholders; content; financial statement on request.**
>
> (a)    The board shall send an annual report to the shareholders <u>not later than 180 days after the close of the fiscal year or the date on which notice of the annual meeting in the next fiscal year is sent under AS 10.06.410, whichever is first</u>. A corporation with less than 100 holders of record of its shares, as determined under AS 10.06.408, is exempt from this annual requirement unless its articles or bylaws impose the requirement. The annual report must contain a balance sheet as of the end of the fiscal year and an income statement and statement of changes in financial position for the fiscal year, accompanied by a report on the fiscal year by independent accountants or, if there is no such report, the certificate of an authorized officer of the corporation that the statements were prepared without audit from the books and records of the corporation (underlining added).

(13)    In some years, <u>KTC has not conducted an audit</u>, or at least not within the year immediately following the fiscal year for which its audited report was due to be sent to its shareholders.   In such years, <u>KTC did not send a financial report to its shareholders</u> as it is required to do by ANCSA § 7(o) and by AS 10.06.433(a).

(14)    Instead of sending an audited financial report to its shareholders within a reasonable time after the end of the fiscal year, KTC waited several years, after which the auditor prepared tardy reports that were not sent to shareholders.

(15)    KTC's audited financial reports for 2016 - 2017 and for 2017 - 2018 were not sent to its shareholders until late in the following year, when the data was stale, was past the period of usefulness, and past the 180 day time allowed by AS 10.06.433(a).

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

(16) KTC is now in default in its duty to send a current audited financial report to its shareholders for the fiscal year that concluded at the end of 2019. In the *Shareholder Newsletter* for the 1st quarter of 2020, which was posted on KTC's website on 15 April 2020, Mr. Hills claims that KTC has received a recent 2019 Audit Report:

> It is already evident that KTC's efforts to change our financial position are showing results. <u>Kake Tribal Corporation's (KTC) auditor, Altman & Rogers, completed its 2019 Audit Report of KTC and subsidiaries that shows significant positive change in the KTC Operations (P&L) and Balance sheet for 2019</u>. KTC made a profit of $145,857 in 2019 and the Balance Sheet is now at $4.78M. Further details are described in this newsletter. Additionally, KTC is taking broad actions to revive its federal businesses allowed under the Alaska Native Claims Settlement Act (ANCSA).

KTC *Shareholder Newsletter* for the 1st quarter of 2020, at pg. 1 (underlining added).

(17) The same *Shareholder Newsletter* for the 1st quarter of 2020 also discloses that the audited report <u>had been received from the auditor back on 03 March 2020</u>:

> **OPERATIONS**
> **KTC 2019 Financial Report by Altman Rogers**- **NEW.** Kake Tribal Corporation's (KTC) auditor, Altman & Rogers, <u>completed its 2019 Audit Report of KTC and subsidiaries and issued their Final Report on 03 March 2020</u>. The report, KTC and Subsidiaries Consolidated Financial Statements and Additional Information Audit shows significant positive change in the KTC Operations (P&L) and Balance sheet for 2019. Due to the forgiveness of the Hanson and Martin Class Action debt liability, KTC now has a 2019 positive shareholder equity of $2.3 Million versus a negative $5.48 Million in 2018 for a change of approximately $7.78 Million. The KTC Balance Sheet is now at $4.78M now versus the $4.6M of 2018 due to a 2019 profit of $145,857 profit versus a 2018 loss of -$219,921. The Altman and Rogers Report of KTC and Subsidiaries Consolidated Financial Statements will be provided to all shareholders as part of <u>the KTC Annual Report and Meeting tentatively scheduled to occur in the Fall of 2020</u>.

*Id.*, at pg. 2 (underlining added).

(18) Despite management's admitted receipt of the auditor's report on 3 March 2020 and the passage of six months since then, KTC still has not (a) posted the current

**FRED W. TRIEM**
Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
triemlaw@alaska.net

(907) 772-3911

+ COMPLAINT FOR CORPORATE GOVERNANCE
*Adams v. Kake Tribal Corp. [KTC], et al.*

31 August 2020
Page 5 of 13

Case 1:20-cv-00009-SLG   Document 1   Filed 08/31/20   Page 5 of 13

financial report (for the fiscal year 2019) on its website or (b) sent the report to its shareholders, as it is required to do by federal and state law.

(19) As of the date of the filing of This Complaint, KTC has not distributed the financial data for the fiscal year 2019, which it has withheld from shareholders since March 2020 — data that should have been released to shareholders no later than 30 June 2020. ANCSA § 7(o) and AS 10.06.433(a) (deadline of 180 days, i.e., the end of June).

(20) ANCSA § 7(h)(1)(A)(i) and (iii) confer upon KTC's shareholders certain rights and privileges of shareholding, including "a right to vote in elections for the board of directors" and "all rights of a shareholder in a business corporation organized under the laws of the State."

(21) The "laws of the State" include AS 10.06.405, which requires KTC to hold an annual meeting of its shareholders, after sending them a notice in the manner required by AS 10.06.410.

(22) In at least one recent year, 2017, <u>KTC did not hold any meeting</u> of its shareholders.

(23) In other years, e.g., 2018 and 2019, KTC did not conduct an annual meeting within the time allowed by its corporate bylaws.

(24) As of the date of filing This Complaint, KTC has not disclosed to its shareholders *when* they might attend an annual meeting in the current year, 2020?  Instead, the KTC *Shareholder Newsletter* for the 1st quarter of 2020, at pg. 2 reveals only that the "Meeting [is] tentatively scheduled to occur in the Fall of 2020."

(25) ANCSA § 7(h)(1)(A)(ii) and (iii) recognize that KTC's shareholders are entitled "to receive dividends or other distributions from the corporation" as part of their

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

"rights of a shareholder in a business corporation organized under the laws of the State."

(26) The "laws of the State" include AS 10.06.305(b), which requires KTC to treat all common shares of stock in the same manner: "All shares of a class <u>shall have the same voting</u>, conversion, and redemption rights <u>and other rights, preferences, privileges</u>, and restrictions unless the class is divided into series (underlining added)."

(27) The "laws of the State" include AS 10.06.313, which provides that "shares of the same class shall be identical."

(28) The "laws of the State" include AS 10.06.542(a), which prohibits "disparate treatment of shares of the same class or series" and requires that "all shares of the same class or series shall be treated equally with respect to a distribution of shares, cash, ...."

(29) KTC has issued 55,800 shares of general common stock that are outstanding; its shares are *not* divided into series.

(30) KTC has *no* preferred class of stock; no special classes of shares of the sort that might be allowed under AS 10.06.308, -.313(1), or -.542.

(31) KTC receives semi-annual payments from Sealaska, its Native regional corporation. *See* APPENDIX, following page 9 of This Complaint, below.

(32) KTC has not paid a dividend to its shareholders in more than 20 years.

(33) KTC does not make periodic, class-wide distributions of its revenues and profits to all of its shareholders in the uniform manner required by law. Instead, KTC diverts its corporate wealth to a small inner circle of privileged shareholders to whom it pays generous dividends that are disguised as salaries, director's fees, honorariums, emoluments — none of which are distributed to all shareholders in the manner that is

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

required by the Equal Treatment Rule,[1] a common law rule that is partially codified in AS 10.06.305(b), -.313(1) and (7), and -.542.

(34) The officers and directors who control KTC's finances are looting the enterprise by diverting its revenues and profits to themselves, in violation of their fiduciary duties to manage the corporation for the benefit of all of its owners and in compliance with AS 10.06.450(b). and -.483.

(35) KTC is not complying with ANCSA § 7(h)(1)(A) and KTC does not provide the financial data to its shareholders that is required by ANCSA § 7(o).

(36) KTC fails to meet the procedural and substantive requirements of ANCSA.

(37) Plaintiff is entitled to an Order that directs KTC to comply in a timely manner with the disclosure requirements of ANCSA § 7(o) and AS 10.06.433.

(38) Plaintiff is entitled to an Order that directs KTC to comply with the procedural and substantive requirements of ANCSA §§ 7(h)(1)(A), 7(o), and with the laws of the State that are incorporated by ANCSA and made applicable to KTC by ANCSA § 8(c) [43 U.S.C. 1607(c)].

(39) Plaintiff is entitled to an injunction that prohibits KTC from diverting its income and assets to its officers, directors, staff, and others, and requiring KTC to make all of its distributions and dividends in a uniform, *pro rata* manner to all of its shareholders without discrimination and without favoritism.

---

[1] The Equal Treatment Rule is explained in Victor Brudney, *Equal Treatment of Shareholders in Corporate Distributions and Reorganizations,* 71 CALIF. L. REV. 1073 (1983).

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

# V. PRAYER FOR RELIEF

For the reasons stated above, Peter Adams asserts the following affirmative claims and he requests that the Court grant the following relief:

(A) A declaration that the Federal District Court has subject matter jurisdiction because: (1) KTC's conduct of its corporate governance and internal affairs violates federal law and (2) KTC's actions (or failures to take action required by law) violate the rights of its shareholders, which are established and protected by ANCSA §§ 7(h)(1)(A) and 7(o).

(B) A declaration that KTC's actions, as described in this Complaint, are illegal and contrary to federal and state law.

(C) An injunction to prohibit the continuation or repetition of KTC's illegal conduct and prohibited corporate governance procedures.

(D) An order awarding plaintiff monetary damages of $10 per share.

(E) An order awarding plaintiff his attorney's fees and costs.

(F) Orders awarding plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of August in 2020 at Petersburg, Alaska.

*Fred W. Triem*

Fred W. Triem – Attorney for Plaintiff
Alaska Bar # 7912140
*triemlaw@alaska.net*

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

**Attachment:   Appendix:  KTC's Profit-Sharing Revenues, 2003 to mid-2020** (3 pgs)

## Appendix: KTC's Profit-Sharing Revenues, 2003 to mid-2020

### The semi-annual § 7(i, j, m) payments from Sealaska to KTC

**Every six months, the regional corporation shares revenue with the village corporation.**

| *Date of Pmt.* | *$ amt. per share* | *Total Paid to KTC* |
|---|---|---|
| 2003 Total | $1.63 | **$90,997** |
| 2004 Total | $2.77 | **$154,566** |
| 2005 Total | $3.75 | **$209,250** |
| 2006 Total | $5.93 | **$330,777** |
| 2007 Total | $7.96 | **$444,010** |
| 2008 Total | $11.73 | **$654,724** |
| 2009 Total | $19.73 | **$1,100,934** |
| 03 Mar 2010 | $1.76 | **$98,208** [1] |
| 29 Oct 2010 | $4.57 | **$255,006** [2] |
| 1 Apr 2011 | $5.94 | **$331,452** [3] |
| 8 Dec 2011 | $6.12 | **$341,496** [4] |
| 12 Apr 2012 | $7.20 | **$401,760** [5] |
| 6 Dec 2012 | $6.76 | **$377,208** [6] |
| 29 Mar 2013 | $5.44 | **$305,552** [7] |
| 06 Dec 2013 | $6.42 | **$358,236** |
| 11 Apr 2014[2] | $6.64 | **$370,512** [8] |
| 05 Dec 2014 | $8.20 | **$457,560** [9] |
| 03 Apr 2015 | $6.29 | **$350,982** [10] |
| 03 Dec 2015 | $9.20 | **$513,360** [11] |

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

| Date of Pmt. | $ amt. per share | Total Paid to KTC |
|---|---|---|
| 29 Mar 2016 | $8.24 | **$459,792** [12] |
| 30 Sept 2016 | $4.64 | **$258,912** [13] |
| 31 Jan 2017 | $4.76 | **$265,608** [14] |
| 30 Sept 2017 | $4.10 | **$228,780** [15] |
| 31 Mar 2018 | $11.14 | **$621,612** [16] |
| 31 Oct 2018 | $5.15 | **$287,370** [17] |
| 12 Apr 2019 | $15.70 | **$876,060** [18] |
| 15 Nov 2019 | $ 9.29 | **$518,382** [19] |
| 31 Mar 2020 | $9.74 | **$543,492** [20] |
| TOTALS | $200.84 | **$11,206,598** |

Revenue sharing between Native corporations is required by ANCSA § 7 (i), (j), and (m) [43 U.S.C. § 1606(i), (j), and (m)]. These payments are not restricted; KTC's profit sharing is not insulated or protected from the rights and claims of KTC's shareholders.

KTC receives these payments from Sealaska twice a year. These payments should be intercepted by court order and directed to the registry of the court for later distribution to all of the shareholders on an even, uniform, *pro rata* basis.

In the year 2019 alone, KTC received more than $1.3 million in profit sharing from the Native regional corporations. But KTC has not distributed any of these funds to its own shareholders. It has not paid a class-wide dividend since 1998.

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

Within the past seventeen months (since April 2019) KTC has received three profit-sharing payments that total $1,937,934.

The information compiled in the table above has been collected from KTC's annual financial reports, and from public sources that are identified in the endnotes, below.

The amount of revenue distribution paid to KTC is calculated by multiplying the amount per share of Sealaska's § 7(i) payment (*e.g.,* $9.74 per share on 31 March 2020) x 55,800 (the number of KTC's shares that are issued and outstanding). The product of these two numbers is the total amount of the semi-annual payment that KTC receives (but does not distribute to its own shareholders).

---

[1] Northern Business & Economy March 26, 2010
[2] Northern Business & Economy October 29, 2010
[3] Northern Business & Economy April 1, 2011
[4] Sealaska Newsletter November 2011
[5] Sealaska Newsletter April 2012 ($8.45 - $1.25 = $7.20)
[6] Sealaska Newsletter December 2012
[7] Sealaska Newsletter March 2013
[8] Sealaska Statement dated April 3, 2014
[9] Sealaska Statement dated December 3, 2014
[10] Sealaska Statement dated April 13, 2015
[11] Sealaska Statement dated November 27, 2015
[12] Sealaska Statement dated March 29, 2016
[13] Sealaska Statement dated September 30, 2016
[14] Sealaska Statement dated January 31, 2017
[15] Sealaska Statement September 30, 2017
[16] Sealaska Statement March 31, 2018
[17] Sealaska Statement October 18, 2018
[18] Sealaska Newsletter March 2019
[19] Sealaska news release, November 2019
[20] Sealaska news release March 2020, URL = https://www.sealaska.com/shareholders/sealaska-announces-spring-2020-shareholder-distribution/

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August 2020 I will send a copy of the foregoing pleading to: Robert Misulich, Esq., KTC's corporate and litigation counsel, at Schwabe Williamson, Anchorage, Alaska, as an electronic file of this pleading transmitted by E-mail.

*Fred W. Triem*

Fred W. Triem

**FRED W. TRIEM**

Attorney at Law
Box 129
Petersburg, Alaska
99833-0129
*triemlaw@alaska.net*

(907) 772-3911