# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PETER ADAMS,

        Plaintiff,

        v.

KAKE TRIBAL CORPORATION [KTC], JEFFREY W. HILLS, and ROBERT D. MILLS,

        Defendants.

Case No. 1:20-cv-00009-SLG

## ORDER RE MOTION TO ALLOW ALTERNATIVE SERVICE OF PROCESS

Before the Court at Docket 5 is Plaintiff's Motion to Allow Alternative Service of Process by Fax or by E-Mail.

## BACKGROUND

On August 31, 2020, Plaintiff Peter Adams filed a complaint against Defendants Kake Tribal Corporation ("KTC"), Jeffrey W. Hills, and Robert D. Mills.[1] According to the complaint, Mr. Hills is the CEO of KTC and Mr. Mills is its president.[2] On October 21, 2020, this Court ordered Plaintiff to file proof of service of the summons and complaint on Defendants.[3] On November 30, 2020, Plaintiff

---

[1] Docket 1.

[2] Docket 1 at 2.

[3] Docket 4.

filed the instant motion seeking an order that allows alternative service of process by fax or email under Federal Rules of Civil Procedure 4(e), 4(h), and 4(m), as well as District of Alaska Local Rule 7.1.[4]

## LEGAL STANDARD

"[S]ervice of a valid summons is necessary before the district court may exercise personal jurisdiction over [a] defendant."[5] Rule 4(e) governs service on an individual and provides that:

> [A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action . . . or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(h) governs service on a corporation and provides that a corporation:

> [M]ust be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .

Timeliness of service is governed by Rule 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on

---

[4] Docket 5 at 1–2.

[5] *Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 2 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 2 of 10

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

## DISCUSSION

Plaintiff contends that Defendants are "evading service of process by refusing their postal mail that was sent to them at the corporation's official mailing address in Kake."[6] In a declaration filed in support of Plaintiff's motion, paralegal Karen E. Ellingstad represents that she: (1) sent the complaint and summons by certified mail to Defendant KTC's registered agent on September 9, 2020, only to have it returned unclaimed on October 7, 2020; (2) sent the complaint and summons to Defendants Robert Mills and Jeffrey Hills on September 21, 2020 at KTC's post office box in Kake, Alaska, and both were returned marked "refused"; and (3) successfully faxed to KTC summons for all three Defendants along with a copy of the complaint on October 31, 2020.[7] Plaintiff adds that a copy of the complaint was sent by email to KTC's corporate counsel on September 1, 2020, and that counsel refused to accept service of process.[8] Then, on December 3, 2020, Plaintiff filed a certificate of process by email and declaration of counsel,

---

[6] Docket 5 at 2.

[7] Docket 5-1 at 2–3 (Decl. Ellingstad).

[8] Docket 5 at 6.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 3 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 3 of 10

representing that counsel had emailed the summons and complaint to KTC's registered agent, to Mr. Hills, and to Mr. Mills.[9]

In asking the Court to allow alternate service by fax or email, Plaintiff contends that the "fax phone number, and E-mail address of KTC's officers [are] disclosed and publicized on its corporate website and elsewhere," and that KTC publicly encourages its shareholders to use fax and email to contact the corporation.[10] Plaintiff adds that in light of the ongoing COVID-19 pandemic and the remoteness of Kake, it is not practical to require Plaintiff to hire a private process server to attempt in-person service.[11]

Plaintiff contends that the Ninth Circuit "favors alternative service," citing *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002).[12] In *Rio Properties*, the Ninth Circuit affirmed a district court's order to allow service by alternate means, including by email, finding that it was "reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond" and was "the method of service most likely to reach" the defendant.[13] However, *Rio Properties* is not directly on point as it involved service of a

---

[9] Docket 6 at 1–2.

[10] Docket 5 at 3–4.

[11] Docket 5 at 6.

[12] Docket 5 at 4.

[13] 284 F.3d 1007, 1017 (9th Cir. 2002).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 4 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 4 of 10

corporation abroad, which is governed by Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3).[14] Rule 4(h)(2) provides that a plaintiff may effect service outside of the United States on a corporation "in any manner prescribed by Rule 4(f)," which in turn provides that service may occur "by other means not prohibited by international agreement, as the court orders."[15] In contrast, Plaintiff seeks alternate methods of service on individuals and a corporation in the United States, governed by Rules 4(e) and Rule 4(h)(1), neither of which contains express language allowing for other methods of service by court order. For the same reason, the district court cases cited by Plaintiff allowing for service by fax and by email are inapposite.[16]

The Court must consider whether alternate service by email or fax is appropriate in this case under Rules 4(e) and 4(h)(1). Rule 4(e) prescribes several acceptable traditional methods of service on individuals, and also provides that service is proper if effected in accordance with the law of the state where the district court is located. Similarly, Rule 4(h)(1) provides that service may be effected on a corporation by any manner prescribed for individuals under Rule 4(e)(1), including in accordance with state law. District courts in this Circuit (and

---

[14] *Id.* at 1013.

[15] Fed. R. Civ. P. 4(f)(3).

[16] *See* Docket 5 at 4–6 (collecting cases). All but one of these cases involve Rule 4(f)(3). The outlier is *Rice Corp. v. Grain Bd. of Iraq,* Case No. 2:06-cv-1516-GEB-DAD, *2006* WL 3834273 (E.D. Cal. Dec. 29, 2006), which involves Rule 4(j)(1) and 28 U.S.C. § 1608(b)(3) governing service on agencies or instrumentalities of foreign states.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 5 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 5 of 10

elsewhere) have permitted alternate methods of service under Rule 4(e) or (h) where state law allows alternate service by court order or otherwise, and where the plaintiff has satisfied any corresponding state law requirements.

For example, in *Kohler Co. v. Domainjet, Inc.*, the plaintiffs sought leave to serve the defendants by email, having unsuccessfully tried to execute service at three physical addresses.[17] Pursuant to Rule 4(e)(1), the district court looked to California law to determine the sufficiency of the proposed service of process.[18] It determined that California law does not explicitly provide for service by email, but does provide a broad framework for alternative means of service so long as it satisfies the requirement of due process that "summons be served in a manner which is reasonably calculated to give actual notice to the party . . . ."[19] The district court concluded that the plaintiffs had sufficiently demonstrated their diligence in attempting to serve the defendants at their physical addresses and found that email was reasonably calculated to give actual notice to the defendants because the plaintiffs had previously communicated with one of the defendants by email, and the email was listed with the registration of the defendants' domain names.[20]

---

[17] Case No. 11-cv-1767-BEN MDD, 2012 WL 716883 (S.D. Cal. March 5, 2012).

[18] *Id*. at *2.

[19] *Id*. at *4–5 (quoting Cal. Civ. Proc. Code § 413.30).

[20] *Id. See also Aevoe Corp. v. Pace*, Case No. C 11-3215 MEJ, 2011 WL 3904133 (N.D. Cal. Aug. 29, 2011) (permitting alternative service under Rule 4(e)(1) and allowing plaintiff to serve defendants by email, as well as by publication in the local newspaper, where traditional means of service failed).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 6 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 6 of 10

Similarly, the District Court for the Southern District of New York turned to state law to consider a plaintiff's motion for permission for alternate service, including by email.[21] New York law permits a plaintiff to serve the summons and complaint "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other provisions of the governing section.[22] The district court noted that the plaintiff had unsuccessfully attempted to serve the defendant at his last known address, had used a process server, and had searched the Internet for the defendant, all to no avail. The court concluded that proposed methods of service were "reasonably calculated, under all the circumstances, to apprise [the] interested party of the pendency of the action,"[23] and found good cause to grant an extension of time to permit service under Rule 4(m).[24]

In the instant matter, the Court turns to Alaska law, which allows for "other service" upon an individual or corporation "by posting on the Alaska Court System's legal notice website and as otherwise directed by the court" when it appears "by affidavit . . . that after diligent inquiry a party cannot be served" by traditional means.[25] The Court finds that Plaintiff has satisfied the requirements of

---

[21] *D.R.I., Inc. v. Dennis*, Case No. 03 Civ. 10026(PKL), 2004 WL 1237511 (S.D.N.Y. June 3, 2004).

[22] *Id.* at *1 (quoting N.Y. C.P.L.R. § 308(5)).

[23] *Id.* (quoting *Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306, 314 (1950)) (alteration in original).

[24] *Id.* at *4–5.

[25] Alaska R. Civ. P. 4(e).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 7 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 7 of 10

state law for alternate service. Ms. Ellingstad's declaration details her unsuccessful yet diligent efforts to serve Defendants with the summons and complaint.

Moreover, the Court finds that Plaintiff has shown that serving Defendants by email and fax is reasonably calculated to provide notice and an opportunity to respond, as due process requires.[26] KTC publishes its email address on its webpage, and according to Plaintiff, also in its social media, shareholder newsletters, and financial reports.[27] KTC undoubtedly monitors incoming messages; the Court also finds that as senior executives, Mr. Hills and Mr. Mills should expect to be contacted at KTC's email address, particularly if shareholders are encouraged to use it.[28]

Accordingly, the Court grants Plaintiff's motion to make alternate service under Rule 4. Plaintiff shall attempt service of process of the summons and complaint by each of the following methods: (1) by emailing a copy of the summons and complaint to the email address of KTC and any identifiable email addresses for Mr. Hills and Mr. Mills; (2) by faxing a copy of the summons and complaint to KTC's fax number; (3) by posting on the Alaska Court System's legal notice website for four consecutive weeks; (4) by sending copies of the summons

---

[26] *Mullane*, 339 U.S. at 314.

[27] Docket 5 at 3–4.

[28] Docket 5 at 3–4.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 8 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 8 of 10

and complaint by certified mail, return receipt requested, and by first class mail, to any identifiable addresses for Defendants prior to the last week of public posting; and by otherwise complying with Alaska Rule of Civil Procedure 4.[29]   Moreover, because Plaintiff has shown good cause for failing to effectuate service of process within 90 days of the filing of the complaint, the Court will extend the time for Plaintiff to effectuate such service to **30 days** after the entry of this order.

Lastly, Plaintiff asks the Court to "recognize that he already has perfected service of process by fax, thereby satisfying his duty to make timely service."[30]  He contends that he has already twice served Defendants and that they "learned of this lawsuit on the day it was filed when the complaint was served by E-mail on corporate counsel."[31]  The Court declines to do so.  As the Ninth Circuit explained in *Rio Properties*, "a plaintiff may not generally resort to email service on his own initiative" and the Court finds that the same holds true of other alternate methods of service, including service by fax.[32]

## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Allow Alternative Service of Process by Fax or E-Mail at Docket 5 is GRANTED as set forth above.  Plaintiff

---

[29] The Alaska Court System allows legal notices from other state and federal courts.  *See* http://www.courts.alaska.gov/notices/index.htm.

[30] Docket 5 at 2.

[31] Docket 5 at 6.

[32] 284 F.3d 1007, 1018 (9th Cir. 2002).

Case No. 1:20-cv-00009-SLG,  *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 9 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 9 of 10

shall file proof of alternative service consistent with this order within 30 days.

DATED this 8th day of December, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Allow Alternative Service
Page 10 of 10
Case 1:20-cv-00009-SLG   Document 7   Filed 12/08/20   Page 10 of 10