# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

PETER ADAMS,

        Plaintiff,

    v.

KAKE TRIBAL CORPORATION, JEFFREY W. HILLS, and ROBERT D. MILLS,

        Defendants.

Case No. 1:20-cv-00009-SLG

## ORDER RE MOTION TO DISMISS, MOTION TO TAKE JUDICIAL NOTICE, AND REQUEST FOR ORAL ARGUMENT

Before the Court at Docket 11 is Kake Tribal Corporation's, Jeffery W. Hills's, and Robert D. Mills's (collectively, "Defendants") Motion to Dismiss.[1] Plaintiff Peter Adams, Sr. responded in opposition at Docket 19.[2] Defendants replied at Docket 20. Also before the Court at Docket 13 is Defendants' Motion to Take Judicial Notice. Plaintiff responded in opposition at Docket 17. Defendants replied at Docket 18. And at Docket 21 is Plaintiff's Request for Oral Argument.

---

[1] In support of their motion, Defendants submitted a declaration from Mr. Hills, which primarily related to Peter Adams, Jr. *See* Docket 12.

[2] In support of his opposition, Plaintiff submitted a declaration from Karen E. Ellingstad, a paralegal in the office of Plaintiff's attorney, Fred W. Triem, at Docket 19-1. And in the opposition itself, Plaintiff's attorney clarified that the Plaintiff here is Peter Adams, Sr., not Peter Adams, Jr. Docket 19 at 3 (Opp. to Mot. to Dismiss) ("Peter Adams, Sr., the plaintiff in this case. . . ." (emphasis omitted)). With the reply brief, Mr. Hills submitted a second declaration concerning Peter Adams, Sr. *See* Docket 20-1 (2nd Decl. of Mr. Hills).

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, a shareholder of Kake Tribal Corporation ("KTC"), initiated this action on August 31, 2020.[3] Plaintiff's complaint alleges various claims against KTC; Mr. Hills, chief executive officer of KTC; and Mr. Mills, president and board member of KTC.[4] Plaintiff alleges that Defendants violated Section 7 of the Alaska Native Claims Settlement Act ("ANCSA" or "the Act") by allegedly failing to conduct and timely disclose financial audits, by not holding annual shareholders meetings, failing to distribute dividends, and by violating other fiduciary rights and privileges of KTC shareholders.[5] Plaintiff also asserts that ANCSA incorporates certain "laws of the State [of Alaska]," which he alleges were also violated.[6] The gravamen of Plaintiff's claims is the allegation that KTC "is violating the rights of its shareholders" because "a small, privileged inner circle of officers and directors" is "looting the corporation by diverting all of its profits [to themselves] . . . instead of paying general dividends to all shareholders."[7]

---

[3] *See* Docket 1 (Compl.).

[4] Docket 1 at 2, ¶¶ 2–4 (Compl.).

[5] *See, e.g.*, Docket 1 at 4, 6, 7–8, ¶¶ 13, 15, 22, 32, 33, 34 (Compl.).

[6] *See, e.g.*, Docket 1 at 2, 3–4, 6, 7, ¶¶ 6, 11, 12, 21, 26, 27, 28 (Compl.).

[7] Docket 19 at 2 (Opp. to Mot. to Dismiss) ("This i[s] a case about corporate looting[.]" (emphasis omitted)).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 2 of 15

## LEGAL BACKGROUND

**I.     Alaska Native Claims Settlement Act & Alaska State Law**

In 1971, two years after the discovery of oil in Prudhoe Bay, Congress enacted ANCSA to "settle equitably the aboriginal claims made by Alaska Natives through a combination grant of land and money."[8] "Under ANCSA, all Native claims to Alaskan land based on aboriginal use and occupancy were extinguished, and Native Alaskans were granted monetary compensation and title to forty million acres of land."[9]

"ANCSA transferred title of the settlement land to twelve regional corporations and numerous village corporations created by the Act,"[10] including KTC.[11] Congress directed that the regional and village corporations be organized under the laws of the State of Alaska as businesses for profit.[12] Alaska Natives

---

[8] *Chugach Natives, Inc. v. Doyon, Ltd.*, 588 F.2d 723, 724 (9th Cir. 1978); Pub. L. No. 92-203, 85 Stat. 668 (1971), as amended, 43 U.S.C. § 1601 *et seq*.

[9] *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1129 (9th Cir. 2012) (citing John F. Walsh, *Settling the Alaska Native Claims Settlement Act*, 38 Stan. L. Rev. 227, 227 (1985); *Sturgeon v. Frost*, 577 U.S. 424, 429–30 (2016) ("Congress in 1971 passed the Alaska Native Claims Settlement Act . . . which extinguished aboriginal land claims in Alaska. In exchange, Congress provided for a $960 million settlement and . . . 40 million acres of federal land . . . ." (citations omitted)).

[10] *Cook Inlet Region, Inc.*, 690 F.3d at 1129.

[11] *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1322 (Alaska 1997) ("Kake Tribal Corporation (Kake) is a village corporation organized under the Alaska Native Claims Settlement Act (ANCSA)."). KTC is organized under its regional corporation, Sealaska Corporation. *See* Docket 13-13 at 9–11 (Articles of Incorporation).

[12] 43 U.S.C. §§ 1606(d), 1607(a).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 3 of 15

received shares of stock in the corporations as their share of the settlement compensation.[13]

Plaintiff brings his claims pursuant to ANCSA subsections 7(h)(1)(A) and 7(o).[14] Subsection 7(h)(1)(A) provides:

> **(h) Settlement Common Stock**
>  (1) Rights and restrictions
>   (A) Except as otherwise expressly provided in this chapter, Settlement Common Stock of a [Village] Corporation shall—
>    (i) carry a right to vote in elections for the board of directors and on such other questions as properly may be presented to shareholders;
>    (ii) permit the holder to receive dividends or other distributions from the corporation; and
>    (iii) vest in the holder all rights of a shareholder in a business corporation organized under the laws of the State.[15]

Subsection 7(o) provides:

> **(o) Annual audit; place; availability of papers, things, or property to auditors to facilitate audits; verification of transactions; report to stockholders**
> The accounts of the [Village] Corporation shall be audited annually in accordance with generally accepted auditing standards by independent certified public accountants or independent licensed public accountants, certified or licensed by a regulatory authority of the State or the United States. The audits shall be conducted at

---

[13] 43 U.S.C. §§ 1606(g), 1607(a).

[14] Subsection 8(c) of ANCSA (43 U.S.C. § 1607(c)) provides that subsections (g); (h), with certain exceptions; and (o) of Section 7 (43 U.S.C. § 1606(h), (o)) apply to village corporations, which includes Kake Tribal Corporation.

[15] 43 U.S.C. § 1606(h)(1)(A).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 4 of 15

> the place or places where the accounts of the [Village] Corporation are normally kept. All books, accounts, financial records, reports, files, and other papers, things, or property belonging to or in use by the [Village] Corporation and necessary to facilitate the audits shall be available to the person or persons conducting the audits; and full facilities for verifying transactions with the balances or securities held by depositories, fiscal agent, and custodians shall be afforded to such person or persons. Each audit report or a fair and reasonably detailed summary thereof shall be transmitted to each stockholder.[16]

Pursuant to subsection 7(h)(1)(A)(iii), Plaintiff also alleges that the reference to the "laws of the State" accords to him the right to assert violations of the Alaska Corporations Code in this action. In particular, Plaintiff cites Alaska Statute ("AS") 10.06.433(a), which requires a corporation to send an annual report to its shareholders not later than 180 days after the close of the fiscal year; AS 10.06.405, which requires corporations to hold annual shareholder meetings; and AS 10.06.305(b), 10.06.313, and 10.06.542(a), which generally require equal treatment for similar shares of a stock class.[17] In short, Plaintiff alleges that Defendants are violating federal law and state law as incorporated into ANCSA.

## LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters

---

[16] 43 U.S.C. § 1606(o).

[17] *See, e.g.*, Docket 1 at 4, 6, 7, ¶ 12, 13, 21, 26, 27, 28 (Compl.). Plaintiff cites various other Alaska law provisions as well.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 5 of 15

on which a court may take judicial notice.[18]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]  A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[21]  However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[22]

"Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."[23]  However, "a district court

---

[18] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) ("Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008))).

[20] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[21] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[22] *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) ("Whatever the standard governing the Second Amendment protection accorded the acquisition of firearms, these vague allegations cannot possibly state a claim for relief under the Second Amendment." (footnote omitted)).

[23] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 6 of 15

does not err in denying leave to amend where the amendment would be futile."[24] "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"[25]

**DISCUSSON**

I.   **Motion to Take Judicial Notice**

Pursuant to Federal Rule of Evidence 201 and Local Civil Rule 7.3(d), KTC requests that the Court take judicial notice of 13 exhibits, consisting of court orders and other filings related to state court litigation involving KTC and KTC's Articles of Incorporation.[26] Plaintiff opposes the motion, generally asserting that KTC is improperly attempting to convert the Rule 12(b) motion to a Rule 56 motion for summary judgment.[27]

Federal Rule of Evidence 201 provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As to the state court documents, the Court takes judicial notice of them for the limited purpose of recognizing the existence of perennial state court litigation involving KTC, in particular the *Martin* and *Hanson*

---

[24] *Id.* at 656 (quoting *Thinket Ink Info Res., Inc.*, 368 F.3d at 1061).

[25] *Id.* (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Iqbal*, 556 U.S. 662).

[26] *See* Docket 13 (Mot. to Take Judicial Notice); Docket 13-1 to 13-13 (Exhibits).

[27] *See* Docket 17.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 7 of 15

class action suits.[28] The Court also takes judicial notice of KTC's Articles of Incorporation. As confirmed by the Court, the Articles of Incorporation are publicly available on a state-run website.[29] Moreover, Plaintiff does not directly dispute the authenticity of the document or the state-run website.[30] Accordingly, the Motion to Take Judicial Notice at Docket 13 is GRANTED.

## II. ANCSA Claims

Plaintiff's complaint asserts that Defendants violated several provisions of ANCSA subsections 7(h)(1)(A) and 7(o).[31] The Court addresses each subsection in turn.

---

[28] *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) (holding a court may take judicial notice of undisputed matters of public record, including publicly available court records); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (Although a court may take judicial notice of another court's opinion, "it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

[29] *Search Corporations Database*, Alaska Department of Commerce and Economic Development, Division of Corporations, Business and Professional Licensing, available at https://www.commerce.alaska.gov/cbp/main/search/entities (last accessed June 30, 2021).

[30] *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

[31] The parties dispute whether ANCSA provides an implied private right of action for a shareholder to bring a direct action against his village corporation. However, because whether ANCSA provides such a right is not jurisdictional, the Court assumes, without deciding and for purposes of this order only, that ANCSA provides Plaintiff with a federal right of action. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1157 (9th Cir. 2013) (Callahan, J., concurring) ("Because jurisdiction is not defeated by the possibility that the complaint might fail to state a claim upon which recovery can be had, the failure to state a valid claim is not the equivalent of a lack of subject matter jurisdiction, and calls for a judgment on the merits rather than for a dismissal for lack of jurisdiction." (quoting *Thompson v. Thompson*, 798 F.2d 1547, 1550 (9th Cir. 1986))); *Lapidus v. Hecht*, 232 F.3d 679, 681 n.4 (9th Cir. 2000) ("However, because the 'question whether a cause of action exists is not a question of jurisdiction,' it 'may be assumed without being decided.'" (quoting *Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979))); *see also Nw. Airlines, Inc. v. Cnty. of Kent, Michigan*, 510 U.S. 355, 365 (1994) ("The question whether a

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 8 of 15

### a. Subsection 7(h)(1)(A)

First, the complaint alleges that Defendants violated subsection 7(h)(1)(A)(i), which provides that "Settlement Common Stock of a [Village] Corporation shall . . . carry a right to vote in elections for the board of directors and on such other questions as properly may be presented to shareholders."[32] However, nowhere in Plaintiff's complaint does he allege that the common stock issued by KTC does not confer the right to stockholders to vote in corporate elections. In fact, KTC's Articles of Incorporation expressly require that "[s]hares issued by the Corporation shall . . . carry a right to vote in elections for the board of directors and on such other matters as are presented to shareholders[.]"[33] Nor does Plaintiff allege that he has been denied the right to vote in any KTC election. Accordingly, the complaint fails to state a claim that Defendants violated ANCSA subsection 7(h)(1)(A)(i).

---

federal statute creates a claim for relief is not jurisdictional. Accordingly, we shall assume, solely for purposes of this case, that the alleged AHTA private right of action exists." (citations omitted)); *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 284 (1978) ("We assume, only for the purposes of this case, that respondent has a right of action under Title VI."); *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 971 n.3 (9th Cir. 2015) ("We assume, without deciding, that there is a private right of action under section 1983 to enforce the fair hearing requirements of the Medicaid Act.").

[32] 43 U.S.C. § 1606(h)(1)(A)(i). The complaint only expressly refers to this subsection once. *See* Docket 1 at 6, ¶ 20 (Compl.) ("ANCSA § 7(h)(1)(A)(i) . . . confer[s] upon KTC's shareholders certain rights and privileges of shareholding, including 'a right to vote in elections for the board of directors' . . . .").

[33] Docket 13-13 at 4, Art. IV (C)(1) (Articles of Incorporation).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 9 of 15

Second, the complaint alleges that Defendants violated subsection 7(h)(1)(A)(ii), which provides that "Settlement Common Stock of a [Village] Corporation shall . . . permit the holder to receive dividends or other distributions from the corporation."[34] However, Plaintiff's complaint does not allege that his shares of common stock do not entitle him to receive dividends or other distributions, and KTC's Articles of Incorporation contains language nearly identical to the ANCSA provision.[35] Plaintiff appears to assert that he is entitled to receive dividends that have not been distributed by KTC in recent years.[36] But subsection 7(h)(1)(A)(ii) only requires that common stock carry the right to a dividend *when* distributed. The subsection plainly does not confer the right, as Plaintiff appears to allege, on a shareholder to automatically or routinely receive dividends.[37] Accordingly, the complaint fails to state a claim that Defendants violated subsection 7(h)(1)(A)(ii).

Third, Plaintiff's complaint alleges that Defendants violated subsection 7(h)(1)(A)(iii), which provides that "Settlement Common Stock of a [Village] Corporation shall . . . vest in the holder all rights of a shareholder in a business

---

[34] 43 U.S.C. § 1606(h)(1)(A)(ii).

[35] *See* Docket 13-13 at 4, Art. IV (C)(2) (Articles of Incorporation) ("Shares issued by the Corporation shall . . . [p]ermit the holders to receive dividends and other distributions from the Corporation . . . .").

[36] Docket 1 at 7–8, ¶ 33, at 9, ¶ (V)(D) (Compl.) (requesting relief in the form of "awarding plaintiff monetary damages of $10 per share").

[37] *See* 43 U.S.C. § 1606(h)(1)(A)(ii) ("*permit* the holder to receive dividends or other distributions from the corporation" (emphasis added)).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 10 of 15

corporation organized under the laws of the State [of Alaska]."[38] As an initial matter, Plaintiff's complaint does not allege that his shares of KTC common stock do not confer upon him the same rights that the stock in an Alaska business corporation confers upon its holder under Alaska law. In fact, KTC's Articles of Incorporation expressly provide that shares issued by KTC shall "[v]est in the holders all rights of a shareholder in a business corporation organized under the laws of the State of Alaska."[39] Accordingly, the complaint fails to state a claim that Defendants violated subsection 7(h)(1)(A)(iii) to the extent that Plaintiff is alleging that KTC common stock does not confer on him the same state rights.

Plaintiff also asserts that the reference in this subsection to "the laws of the State" confers upon him the right to assert violations of Alaska corporate law in federal court against Defendants. Defendants acknowledge that an ANCSA shareholder has the right to sue the corporation for violations of Alaska's corporation code.[40] Defendants maintain, however, that a lawsuit to assert these

---

[38] 43 U.S.C. § 1606(h)(1)(A)(iii).

[39] Docket 13-13 at 4, Art. IV (C)(3) (Articles of Incorporation).

[40] Docket 20 at 7 (Reply).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 11 of 15

rights must be brought in state, not federal, court.[41] But where, as here, "state law is embedded in a federal-law claim," this Court has jurisdiction to hear that claim.[42]

Nonetheless, Plaintiff's complaint fails to adequately plead violations of the Alaska Corporations Code. As to AS 10.06.433, which requires KTC to "send an annual report to the shareholders not later than 180 days after the close of the fiscal year," Plaintiff's complaint fails to state a viable claim. First, contrary to Plaintiff's assertions, and in contrast to ANCSA subsection 7(o), AS 10.06.433(a) does not require an independent audit of KTC's annual finances.[43] Second, even if Defendants did not distribute annual financial reports within the 180 day time limit, Plaintiff does not allege that he has made the requisite written request to Defendants for such financial reports prior to commencing this action.[44]

---

[41] Docket 20 at 7–8 (Reply). Defendant cites to *Oliver v. Sealaska Corp.*, 192 F.3d 1220 (9th Cir. 1999), to support this argument. But *Oliver* did not hold that a shareholder could only pursue his direct claims against Alaska Native regional corporations in state court. Instead, it held that the shareholder could not pursue his specific direct action claims against the regional corporations in any forum. And the federal district trial court in *Oliver* also permitted the shareholder to amend his complaint to allege a state law derivative action in federal court, but the shareholder refused to do so. *Id.* at 1223.

[42] *Cook Inlet Region, Inc.*, 690 F.3d at 1130; *see* AS 10.06.960(f) (providing that "a corporation organized under [ANCSA] is governed by [ANCSA] to the extent [ANCSA] is inconsistent with [the Alaska Corporations Code]"); *see also* 43 U.S.C. § 1606(p) ("In the event of any conflict between the provisions of this section and the laws of the State of Alaska, the provisions of this section shall prevail.").

[43] *See* AS 10.06.433(a) ("The annual report must contain a balance sheet as of the end of the fiscal year and an income statement and statement of changes in financial position for the fiscal year, accompanied by a report on the fiscal year by independent accountants or, if there is no such report, the certificate of an authorized officer of the corporation that the statements were prepared without audit from the books and records of the corporation.").

[44] *See* AS 10.06.433(f) ("A corporation that neglects, fails, or refuses to prepare or submit the financial statements required by this section is subject to a penalty . . . beginning 30 days after receipt of written request that the duty be performed from one entitled to make the

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 12 of 15

Accordingly, Plaintiff does not state a claim that Defendants violated AS 10.06.433 by not conducting independent audits or by not distributing annual financial reports absent a written request. As to AS 10.06.305(b), 10.06.542(a), and 10.06.313, Plaintiff does not allege any facts that Defendants treated his shares disparately from other shareholders. As to AS 10.06.405(b), even if Defendants did not hold an annual meeting in 2017, Plaintiff does not request that this Court order a meeting to be held, which is the relief specified in the statute.[45] Additionally, Plaintiff does not provide a cognizable legal theory to hold Defendants liable for the alleged failure to hold annual meetings within the timeframe allowed by KTC's own bylaws.[46] As to AS 10.06.450(b) and 10.06.483, Plaintiff only makes conclusory, unsupported allegations that Defendants, in particular Mr. Hills and Mr. Mills, violated any fiduciary duties.[47] For the foregoing reasons, Plaintiff's complaint fails to state a claim that Defendants violated Alaska Corporations Code.

---

request . . . .").

[45] Docket 1 at 6, ¶ 22 (Compl.); AS 10.06.405(b) ("An annual meeting of the shareholders shall be held at the time as provided in the bylaws. If the annual meeting is not held within any 13-month period, the superior court may on the application of a shareholder summarily order a meeting to be held.").

[46] Docket 1 at 6, ¶ 23 (Compl.) ("In other years, e.g., 2018 and 2019, KTC did not conduct an annual meeting within the time allowed by its corporate bylaws.").

[47] See, e.g., Docket 1 at 8, ¶ 34 (Compl.) ("The officers and directors who control KTC's finances are looting the enterprise by diverting its revenues and profits to themselves, in violation of their fiduciary duties to manage the corporation for the benefit of all of its owners and in compliance with AS 10.06.450(b). and -.483.").

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 13 of 15

### b. Subsection 7(o)

Plaintiff's complaint also alleges that Defendants violated subsection 7(o), which generally provides that the accounts of a village corporation shall be audited annually by independent accountants, and that the audit report, or a fair and reasonably detailed summary, shall be transmitted to each stockholder of the corporation.[48] In particular, the complaint alleges that "[i]n some years, KTC has not conducted an audit" and "[i]n such years, KTC did not send a financial report to its shareholders as it is required to do by ANCSA § 7(o)."[49] However, the complaint does not allege which years KTC purportedly failed to conduct an audit.[50] The Court therefore finds these allegations insufficient to state a claim that Defendants violated subsection 7(o) by not conducting annual audits or disseminating audit reports or summaries in unspecified years.

The complaint also fails to allege any theory of liability as to Mr. Hills and Mr. Mills. Plaintiff's complaint and opposition to Defendants' motion to dismiss are focused on allegations against KTC.

For the foregoing reasons, Plaintiff's complaint fails to state a claim under ANCSA and under any embedded state corporate governance law.[51]

---

[48] 43 U.S.C. § 1606(o) (requiring "[e]ach audit report or a fair and reasonably detailed summary thereof [to] be transmitted to each stockholder").

[49] Docket 1 at 4, ¶ 13 (Compl.) (emphasis omitted).

[50] Further, to the extent that Plaintiff alleges Defendants violated subsection 7(o) by not timely disseminating audits, this subsection of ANCSA does not impose any timeliness requirement.

[51] It does not appear that Plaintiff's complaint alleges any distinct state law causes of action. To

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 14 of 15

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendants' Motion to Dismiss at Docket 11 is GRANTED. Plaintiff's complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint consistent with the terms of this order but must do so no later than **28 days from the date of this order.** If Plaintiff fails to file an amended complaint by that date, this action may thereafter be dismissed with prejudice and without further notice to him. IT IS FURTHER ORDERED that Defendants' Motion to Take Judicial Notice at Docket 13 is GRANTED and Defendants' Request for Oral Argument at Docket 21 is DENIED.[52]

Dated this 30th day of June, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

the extent that it does, the Court declines to exercise supplemental jurisdiction over any such claims after dismissing the federal claims. *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" over state law claims when the "court has dismissed all [federal] claims over which it has original jurisdiction"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Parra*, 715 F.3d at 1155 ("However, once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims. 28 U.S.C. § 1367(c)(3).").

[52] The Court finds that oral argument was not necessary to resolve Defendants' motion to dismiss. *See* D. Alaska L. Civ. R. 7.1(f) ("Oral argument is discretionary . . . ."). Plaintiff requests oral argument principally on the alleged basis that "defendants are inserting new arguments in their reply brief[.]" Docket 21 at 2. However, Plaintiff makes this assertion without identifying the alleged "new arguments." Further, the Court did not find any material new arguments in the reply.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss, Motion to Take Judicial Notice, and Request for Oral Argument
Page 15 of 15