HERBERT H. RAY, JR.
Alaska Bar No. 8811201
Email: hray@schwabe.com
ROBERT J. MISULICH
Alaska Bar No. 1111083
Email: rmisulich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:    907-339-7125

Attorneys for Defendants KAKE TRIBAL
CORPORATION, JEFFREY W. HILLS and
ROBERT D. MILLS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

PETER ADAMS,                                   )
                                               )
                          Plaintiff,           )   Case No. 1:20-cv-00009-SLG
                                               )
            vs.                                )
                                               )   **MOTION TO DISMISS PLAINTIFF'S**
KAKE TRIBAL CORPORATION, JEFFREY               )   **FIRST AMENDED COMPLAINT**
W. HILLS, AND ROBERT D. MILLS,                 )
                                               )
                          Defendants.          )
_____        )

        The Court should dismiss Plaintiff's claims asserted in his First Amended Complaint

("FAC") because they fail to state claims upon which relief may be granted, and because

Plaintiff's claims relating to KTC's failure to schedule an annual shareholders meeting or to

audit its records at some unspecified time in the distant past are moot.

        The Court should dismiss Plaintiff's claims with prejudice.  In its June 30, 2021 Order

dismissing the claims in Plaintiff's original complaint without prejudice, it ruled that Plaintiff's

claims alleging substantive violations of Section 7(h)(1)(A) and 7(o) of ANCSA appeared to have no merit.  It noted that it was unclear whether Plaintiff had pleaded any claims that Defendants had violated Alaska's Corporations Code, but that even if he had done so, he had not alleged sufficient facts to support such claims.  Nonetheless, it gave Plaintiff an opportunity to amend his complaint to allege sufficient facts to support such claims.

The FAC asserts three groups of spurious claims based on alleged violations of 1) the Alaska Native Claims Settlement Act ("ANCSA"), 2) the Alaska Corporations Code, and 3) Section 8(a) of the Small Business Act.  The claims based on ANCSA and the Alaska Corporations Code were previously asserted in Plaintiff's original complaint and suffer from the same defects that caused the Court to dismiss them in its June 30, 2021 Order.

Plaintiff's arguments with respect to Section 8(a) government contracting are new.  These claims must also be dismissed for several reasons.  First, Plaintiff has failed to assert any facts that support a claim that Defendants have violated Section 8(a) or its implementing regulations for the simple reason that the Section 8(a) program has no relationship whatsoever to the concerns Plaintiff raises in the FAC.  Second, Section 8(a) of the Small Business Act <u>does not confer any private right of action</u> in Plaintiff for the alleged violations of Section 8(a) of which he complains in the FAC.

Accordingly, Defendants move the Court to dismiss the claims asserted by Plaintiff in the FAC.  Since the Court previously granted Defendant's Motion to Dismiss Plaintiff's original complaint, it should dismiss this action in its entirety, and with prejudice.[1]  Plaintiff's claims are meritless.  Allowing him additional opportunities to amend his complaint to state a cause of

---

[1] Defendants incorporate by reference in this Motion the facts and arguments supporting their December 30, 2020 Motion to Dismiss Plaintiff's original complaint, including the Motion to Dismiss at Docket 11, Motion to Take Judicial Notice at Docket 13, Declaration of Jeffrey Hills at Docket 12, Defendants' Reply in Support of Judicial Notice at Docket 20, and Second Declaration of Jeffrey Hills at Docket 20-1.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 2 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

action that falls within the Court's jurisdiction will be futile.

The gist of Plaintiff's complaint is that KTC has not paid him a dividend in recent years, and he claims it has not done so because KTC's officers and directors are paying themselves salaries, bonuses and commissions that prevent it from doing so.[2] Even if those claims were true – and they are not – these arguments would not state any claims under ANCSA or the Small Business Act, and allowing Plaintiff additional opportunities to amend his complaint will not change that fact. If the facts alleged by Plaintiff were true (they are not) then his claims would arise under the Alaska Corporations Code, not federal law.

Defendants believe that Plaintiff's counsel is using this litigation as a vehicle to harass KTC. He is well aware of the Order that he obtained that prevents KTC from paying a dividend until the judgment in the *Hansen* litigation is satisfied, and he is well aware of the appeal that he has filed against the Superior Court order vacating the judgment in the *Hansen* class action litigation. He has filed lawsuit after lawsuit against KTC, and has been sanctioned numerous times by the Alaska Superior Court for failing to comply with its orders in litigation in State court.[3]

---

[2] Plaintiff has attached Exhibits to the FAC that include information about the payments that KTC makes to its officers and directors. As discussed in this motion, those payments are quite modest and the Exhibits undercut Plaintiff's unfounded assertions that KTC's directors and officers are looting the company. Defendants also remind the Court that Plaintiff's attorney obtained an injunction from the Alaska Superior Court in another lawsuit that prohibits KTC from paying dividends to its members until it has satisfied a judgment in that litigation in favor of a class of KTC shareholders. *See* KTC's Motion to Dismiss Plaintiff's original complaint (Docket 11) at 2. The shareholder class subsequently voted to forgive the remaining debt owed to them, and KTC then succeeded in having underlying judgment vacated. But Plaintiff's counsel has appealed that ruling to the Alaska Supreme Court. *Id.* at 2 – 3. If Plaintiff's counsel prevails in that appeal, then KTC will not be able to pay a dividend to its shareholders until the judgment is fully satisfied. *Id.* at 1 – 3.

[3] Defendants provided an overview of the parallel state court litigation on pages 1 – 3 of their Motion to Dismiss Plaintiff's original complaint (Docket 11) and attached pleadings and Orders from that litigation to their Motion to Take Judicial Notice (Docket 13).

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 3 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

1    Defendants raise these issues because they are relevant to whether the Court should give

2    Plaintiff additional opportunities to amend his Complaint.  KTC has struggled financially for

3    decades, and is just now becoming profitable after decades of financial difficulties.  Allowing

4    Plaintiff additional opportunities to amend claims that are frivolous penalizes KTC, which must

5    devote precious financial resources and staff time to deal with a clearly meritless lawsuit.

6        Simply put, allowing Plaintiff to amend his complaint again would be unfair to

7    Defendants, and futile since Plaintiff has no viable federal causes of action against them.  The

8    Court should therefore dismiss this matter with prejudice.

9                                   **ARGUMENT**

10   **I.      The FAC Fails to Allege Facts Supporting Violations of ANCSA Section 7(h)(1)(A).**

11       Plaintiff's original complaint alleged that Defendants were violating three provisions of

12   Section 7(h)(1)(A) of ANCSA, codified at 43 U.S.C. §1606(h)(1)(A)(i-iii).[4]  Specifically, the

13   original complaint alleged that Defendants violated ANCSA's requirements that shares of Kake

14   Tribal Corporation ("KTC") confer upon shareholders the right to vote in corporate elections, the

15   right to receive dividends, and the rights under Alaska law enjoyed by shareholders of other

16   Alaska business corporations.

17       In its June 30, 2021 Order granting Defendants' Motion to Dismiss, the Court found that

18   Plaintiff had failed to allege that shares of KTC did not confer these rights on its shareholders.[5]

19   It also examined KTC's Articles of Incorporation and expressly found that KTC's Articles of

20   Incorporation provide that its shares confer these rights on its shareholders.  Thus, the Court

21   found that Plaintiff not only failed to plead adequate facts to state claims for relief pursuant to

22

23

24   [4] Plaintiff's Complaint (Docket No. 1) at ¶¶ 5, 11, 20, 25, 35, 38.

25   [5] June 30, 2021 Order (Docket 22) at pp. 8 – 13.

26   MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
     COMPLAINT
     *Peter Adams v. Kake Tribal Corporation, et al.*
     Case No. 1:20-cv-00009-SLG – Page 4 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

ANCSA Section 7(h)(a)(A), but that KTC was in compliance with Section 7(h)(1)(A).[6]

Undeterred, the FAC restates verbatim the claims based on ANCSA Section 7(h)(1)(A) that were alleged in the original complaint.[7]  In addition, the FAC contains new factual allegations in five paragraphs relating to his claims based on ANCSA Section 7(h)(1)(A).[8]  But these new factual allegations do not allege that KTC shares do not confer on its shareholders the right to vote in corporate elections, receive dividends, or enjoy the same rights under Alaska law that are enjoyed by shareholders in other Alaska business corporations.  Since the Court has already held that KTC's shares *do* confer these rights on its shareholders, and thus comply with the requirements of ANCSA Section 7(h)(1)(A), Plaintiff's ANCSA 7(h)(1)(A) claims should be dismissed, with prejudice.

### A.  No Alleged Violation of Section 7(h)(1)(A)(i).

ANCSA Section 7(h)(1)(A)(i) provides that shares of common stock of an ANCSA corporation must confer upon shareholders the right to vote in corporate elections.[9]  As the Court found in its June 30, 2021 Order, shares of KTC stock *do* confer such voting rights on its shareholders and Plaintiff does not allege otherwise in the FAC.[10]

Paragraphs 22 and 42 of the FAC contain new allegations relating to Plaintiff's right to vote in KTC elections.  It asserts that by holding its annual meeting in the fall, KTC deprives Plaintiff from being able to cast a "meaningful proxy ballot."[11]  It also alleges that KTC

---

[6] *Id.*

[7] Plaintiff's First Amended Complaint at ¶¶ 5, 11, 20, 25, 35, 38.

[8] Plaintiff's First Amended Complaint at ¶¶ 22, 41 – 45.

[9] 43 U.S.C §§ 1606(h)(1)(A)(i) & 1607(c).

[10] June 30, 2021 Order (Docket 22) at p. 9.

[11] Plaintiff's claim that KTC holds its annual shareholders meeting later than allowed under its bylaws is false.  KTC's bylaws specifically provide that its annual meeting will be held before November 30, and will normally be held during the last two weeks of October or the first two weeks of November.  Second Declaration of Jeffrey Hills (Docket 20-1).  Exhibit 4 to the FAC is

---

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 5 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

1  prevented him from voting in KTC elections during years when it holds no annual meeting at

2  all.[12]  But these complaints are about the timing of KTC's annual meetings, or an alleged failure

3  to hold meetings in the distant past.

4       Thus, Plaintiff *does not* allege that his shares do not entitle him to vote in KTC elections.

5  Rather, he complains that the timing of KTC's annual meeting prevents him from casting a

6  meaningful vote in at the annual meeting.  A predicate fact on which these complaints are based

7  is that Plaintiff's ownership of KTC's shares *do* in fact confer in him the right to vote in KTC

8  elections, which is all that ANCSA Section 7(h)(1)(A)(i) requires.  If Plaintiff believes KTC's

9  annual meeting should be held earlier in the calendar year, his remedy is to request KTC to

10 amend its bylaws to specify that it hold its annual meeting earlier in the year.[13]

11      Complaints about KTC's practice of holding its annual meetings in the fall, or its failure

12 in the distant past to hold such a meeting, do not support a claim that KTC has issued shares to

13 its members that do not carry with them the right to vote in corporate elections.  Accordingly, the

14 FAC fails to allege facts supporting a violation of Section 7(h)(1)(A)(i) of ANCSA.  There is no

15 way to amend the complaint to allege facts that would support such a claim.  The claim is

16 frivolous and should thus be dismissed with prejudice.

17      **B.      No Alleged Violation of ANCSA Section 7(h)(1)(A)(ii).**

18      ANCSA Section 7(h)(1)(A)(ii) requires that shares of an ANCSA corporation confer a

19

20 ───────────────
   KTC's notice of its 2019 annual meeting on November 2, 2019.  Exhibit 5 is KTC's notice of its

21 2020 annual meeting on November 7, 2020.  These meetings were thus held within the time
   specified in KTC's bylaws.

22 [12] First Amended Complaint at ¶ 22.

23 [13] Plaintiff has not attended a KTC annual shareholders meeting in recent years, but voted by

24 proxy in the 2018 and 2019 annual meetings.  Since Mr. Hills became the CEO of KTC, Plaintiff
   has not complained of the timing of KTC annual meetings to KTC's directors or officers.

25 Second Declaration of Jeffrey Hills (Docket 20-1) at ¶¶ 5 – 9.

26 MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
   COMPLAINT                                              SCHWABE, WILLIAMSON & WYATT, P.C.
   *Peter Adams v. Kake Tribal Corporation, et al.*                420 L Street, Suite 400
   Case No. 1:20-cv-00009-SLG – Page 6 of 32                  Anchorage, AK 99501
                                                           Telephone:  (907) 339-7125

1  right to receive dividends in its shareholders.[14]  As the Court expressly found in its June 30, 2021

2  Order, KTC shares do confer such a right on its shareholders.[15]

3      Nonetheless, Paragraphs 27 and 43 of the FAC make spurious allegations that corporate

4  insiders are making secret payments to themselves, disguised as salaries, bonuses and fees.

5  Paragraph 32 alleges that KTC has not paid a dividend to its shareholders in more than 20 years.

6  Paragraph 34 alleges that KTC's officers and directors are "looting the enterprise by diverting its

7  revenues and profits to themselves."  According to Plaintiff's arguments in Paragraph 43, this

8  amounts to KTC conferring its dividends and other payments and privileges to "an inner circle of

9  special shareholders."  Paragraph 46 alleges that the payments that KTC makes to its officers and

10 directors amounts to the creation of a new class of preference stock, without amending KTC's

11 Articles of Incorporation.  This amounts to a "looting of the enterprise" by KTC's officers and

12 directors, in violation of their fiduciary duties" according to Paragraph 34.  Plaintiff seeks

13 declaratory and injunctive relief to remedy the situation, as well as damages.

14      Boiled down to its essence, Plaintiff wants KTC to pay him a dividend and claims that

15 the rather modest payments received by KTC's officers and directors is so excessive that they

16 should be categorized as a disguised dividend paid only to them.[16]

17      While Plaintiff's grievances are meritless, even if they had merit, they would not support

18 a claim that KTC is violating Section 7(h)(1)(A)(ii) of ANCSA.  Plaintiff does not allege that

19 KTC has issued shares of settlement common stock that does not confer in him the right to

20 receive dividends.  Rather, Plaintiff's complaint is that KTC has not paid him any dividends.  His

21 _____

[14] 43 U.S.C §§ 1606(h)(1)(A)(ii) & 1607(c).

22 [15] June 30, 2021 Order (Docket 22) at p. 10.

23 [16] The modest payments KTC makes to its officers and directors to compensate them for their
   labor, time, expenses and services to KTC are disclosed to its shareholders in the materials
24 mailed to them prior to KTC's annual meeting.  Plaintiff has attached these materials as Exhibits
   to the First Amended Complaint.  *See* Exhibit 4, page 18 and Exhibit 5, page 18, to the FAC.
25

26 MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
   COMPLAINT
   *Peter Adams v. Kake Tribal Corporation, et al.*
   Case No. 1:20-cv-00009-SLG – Page 7 of 32

   SCHWABE, WILLIAMSON & WYATT, P.C.
   420 L Street, Suite 400
   Anchorage, AK 99501
   Telephone:  (907) 339-7125

complaint that he has not received a dividend is premised on the fact that his ownership of KTC settlement common stock shares confers on him a right to participate in any dividends paid by KTC.

Section 7(h)(1)(A)(ii) of ANCSA only requires that KTC's shares of settlement common stock confer the legal right to receive dividends in KTC's shareholders. Absolutely nothing in ANCSA requires that a corporation *must* pay annual dividends. Rather, the directors of a corporation decide whether to declare a dividend, based on the corporation's financial status. A shareholder who is unhappy that he has not received a dividend has the right to vote to replace directors with those who support the payment of dividends. If Plaintiff is unhappy with KTC's directors, his remedy is to attend and participate in KTC's annual meetings and to vote for directors who support his position. Section 7(h)(1)(A)(ii) provides no cause of action for him to ask the court to force KTC to pay a dividend. Since Plaintiff concedes that his ownership of KTC shares or settlement common stock confers in him a right to receive dividends when KTC's directors vote to pay a dividend, his claim that KTC is violating Section 7(h)(1)(A)(ii) of ANCSA is frivolous and should be dismissed with prejudice.

**C.      No Alleged Direct Violation of ANCSA Section 7(h)(1)(A)(iii).**

Section 7(h)(1)(A)(iii) provides that a holder of shares of an ANCSA corporation shall have all of the rights that the holder of shares in a business corporation has under Alaska law.[17] As the Court previously found in its June 30, 2021 Order, KTC's Articles of Incorporation specifically provide that its shareholders shall have all of the rights that the holder of shares in a business corporation have under Alaska law.[18] Plaintiff does not allege, in the FAC, that his shares in KTC do not confer such rights upon him. None of the amended or new allegations in

_____

[17] 43 U.S.C §§ 1606(h)(1)(A)(iii) & 1607(c).

[18] June 30, 2021 Order (Docket 22) at p. 11.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 8 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

the FAC relate to this claim. Rather, many of Plaintiff's claims in the FAC allege that KTC has violated provisions of Alaska's Corporation Code, and are thus premised on the notion that the Code applies to Alaska Native Corporations organized pursuant to ANCSA.[19]

Because Mr. Adams has failed to allege facts that support his claim that KTC is in violation of Section 7(h)(1)(A)(iii) of ANCSA, and because KTC's Articles of Incorporation establish that it is not in violation of that provision, the Court should dismiss Mr. Adams' claim based on KTC's alleged direct violation of that provision. Because Plaintiff's claim that KTC is violating Section 7(h)(1)(A)(iii) is frivolous, the Court should dismiss the claim with prejudice.

### D. ANCSA Section 7(h)(1)(A)(iii) Does Not Provide Plaintiff With A Cause of Action for His Claims Arising Under Alaska Law.

As noted above, Plaintiff alleges violations of several provisions of the Alaska Corporations Code throughout the FAC. He made many of the same claims in his original complaint.[20] In its Order granting Defendants' Motion to Dismiss Plaintiff's original complaint, the Court concluded that Plaintiff's state law claims were "embedded" in his ANCSA claims, and that the Court thus had federal question jurisdiction to hear them. It nonetheless concluded that Plaintiff had failed to adequately plead violations of Alaska's Corporations Code.[21] The Court assumed, without deciding, that ANCSA provided a private cause of action to Plaintiff for violations of the Corporations Code, and that Plaintiff could bring his state law claims pursuant

---

[19] *See* FAC at ¶¶ 12 – 19, 37 & 41 (citing to and alleging violations of provisions of A.S. 10.06.433(a)); ¶¶ 21 – 24 (citing to and alleging violations of A.S. 10.06.410); ¶¶ 26 – 33 (citing to and alleging violations of A.S. 10.06.305(b), 10.06.313, and 10.06.542(a)); ¶ 34 (alleging violations of A.S. 10.06.450(b) and 10.06.542).

[20] *See* Original Complaint (Docket 1) at ¶¶ 12 – 19, & 37 (citing to and alleging violations of A.S. 10.06.433(a)); ¶¶ 21 – 24 (citing to and alleging violations of A.S. 10.06.410); ¶¶ 26 – 33 (citing to and alleging violations of A.S. 10.06.305(b), 10.06.313, and 10.06.542(a)); ¶ 34 (alleging violations of A.S. 10.06.450(b) and 10.06.542).

[21] June 30, 2021 Order (Docket 22) at 11-12.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 9 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

1  to Section 7(h)(1)(A)(iii).[22]  Nonetheless, the Court found that the factual allegations in the
2  original complaint did not state viable claims under the Alaska Corporations Code.

3       Because the Court's June 30, 2021 Order granted Defendants' Motion to Dismiss,
4  Defendants did not previously have an opportunity to request that the Court reconsider its
5  assumption that Plaintiff's claims based on the Alaska Corporations Code are embedded in his
6  ANCSA claims.  Defendants respectfully request that the Court reconsider that aspect of its June
7  30, 2021 Order.  Defendants also renew their arguments that ANCSA does not provide a
8  shareholder of an ANCSA corporation with a private cause of action to assert violations of
9  Alaska's Corporations Code.  Finally, as discussed in Section III below, the amended and new
10  allegations in the FAC do not state viable claims under the Alaska Corporations Code, and the
11  Court can dismiss those claims on that basis.

12            1.    *Plaintiff's State Law Claims Are Not Embedded in His ANCSA Claims.*
13       To bring a case within the Court's federal question jurisdiction, a right or immunity
14  created by the Constitution or laws of the United States must be an essential element of
15  Plaintiff's cause of action.[23]  The Court may also exercise federal question jurisdiction over a
16  state law claim when a substantial federal issue is embedded within the state law claim.[24]

17       When a claim arising under federal law incorporates a provision of state law, the Court's
18  jurisdiction is based on the fact that the underlying claim is a federal claim.[25]  But where the
19  underlying claim is created by state law, it can only be deemed to arise under federal law where
20  federal law completely preempts state law, where the claim is necessarily federal in character, or

21

22  [22] June 30 Order (Docket 22) at n. 31.

23  [23] *Grable & Sons Metal Prod., Inc., v. Darue Eng'g & Mfg,* 545 U.S. 308, 314 (2005);
     *Provincial Gov't of Marinduqua v. Placer Dome, Inc.,* 582 F.3d 1083, 1090-91 (9th Cir. 2009).
24  [24] *Placer Dome* at 1091.

25  [25] *Cook Inlet Region Inc., v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012).

26  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
     COMPLAINT
     *Peter Adams v. Kake Tribal Corporation, et al.*
     Case No. 1:20-cv-00009-SLG – Page 10 of 32

     SCHWABE, WILLIAMSON & WYATT, P.C.
     420 L Street, Suite 400
     Anchorage, AK 99501
     Telephone:  (907) 339-7125

where the right to relief depends on the resolution of a substantial, disputed federal question.[26] A federal court has jurisdiction over claims asserted under state law "that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[27] However, the Supreme Court has held that such cases are exceptional, and only a "special and small category" of state-law claims give rise to federal question jurisdiction.[28]

Plaintiff's claims alleging violations of Alaska's Corporations Code clearly do not meet the test for treating state law claims as claims that arise under federal law. Section 7(h)(1)(A)(iii) of ANCSA does not create a cause of action for alleged violations of Alaska's Corporations Code. It merely states that ANCSA shareholders shall have the same rights that shareholders of other corporations established under Alaska law enjoy. Neither Plaintiff, nor the Court in its June 30, 2021 Order, have identified any substantial questions of federal law that are implicated by the state law claims asserted by Plaintiff in his original complaint, now repeated and re-alleged verbatim in the FAC.

In its June 30, 2021 Order, the Court cited the Ninth Circuit's *Cook Inlet Region Inc., v. Rude* decision as support for its conclusion that Plaintiff's state law claims were embedded in federal law. But *Rude* is distinguishable. *Rude* involved a suit by an ANCSA corporation against shareholders who had distributed petitions to lift ANCSA's alienability restrictions on the sale of ANCSA stock. The corporation contended that the petitions violated ANCSA because they were false and misleading, and because they failed to include disclosures required by

---

[26] *ARCO Ent'l Remediation, L.L.C. v. Dept. Heath & Envt'l Quality of Montana*, 213 F.3d 1108. 1114 (9th Cir. 2000); *Zuniga v. Albertson's Companies, Inc.*, 2021 WL 63064 (N.D. Cal., 2021); *Seeds v. ERA Alaska*, 2013 WL 11311389 (D. Alaska 2013).

[27] *Grable*, 545 U.S. at 312.

[28] *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 699 (2006).

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 11 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

ANCSA. The Ninth Circuit held that CIRI's claims arose under a 1988 amendment to ANCSA itself, that permitted shareholders to circulate a petition to lift the alienability restriction, codified at 43 U.S.C. §§ 1629b & 1629c. One of those provisions specifically provided that Alaska law governing the solicitation of proxies in corporate elections would govern the circulation of such petitions.[29] Thus, the *Rude* decision was dealing with a specific issue under ANCSA, *i.e.*, alienability of shares in ANCSA corporations, rather than any issue involving corporate governance arising under the Alaska Corporations Code.

In holding that the claim arose under federal law, the Ninth Circuit noted that CIRI brought its claim under ANCSA, the federal law that established the alienability restrictions and the procedure for lifting them, and that ANCSA specifically provided that Alaska's law governing corporate proxies would apply to petitions to lift ANCSA's alienability restrictions. It further noted that the Plaintiff could not have brought its claim under Alaska law because Alaska law governing corporate proxies did not facially apply to petitions to lift ANCSA's alienability restrictions, and was only applicable by virtue of the provision in ANCSA making it so.

In contrast, Plaintiff's claims based on Alaska's Corporations Code do not arise under ANCSA. The most that ANCSA says is that an ANCSA shareholder will have the same rights as a shareholder of a business corporation established under Alaska law. Such claims are garden-variety state law claims. There is no substantial federal interest implicated by the claims, and thus no federal jurisdiction over them.

2. *ANCSA Does Not Provide A Private Right of Action for State Law Violations.*

As discussed at pages 21 – 25 of Defendants' Motion to Dismiss Plaintiff's original complaint (Docket 11), and pages 6 – 11 of its Reply in support of that motion, if a statute does

---

[29] 43 U.S.C. § 1629b(c)(1)(B).

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 12 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

not expressly create a private cause of action, the Court cannot find that Congress created an implied cause of action unless it finds indications of such legislative intent. In *Alexander v. Sandoval*, the Court noted:

> Like substantive federal law, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that may as a policy matter, or compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common law courts but not for federal tribunals.

*Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citations omitted).

In *Sandoval*, the Court held that no private cause of action existed under a provision of federal law to enforce a regulation of the Department of Justice that prohibited state agency recipients of federal funding from engaging in discriminatory conduct. *Id*. at 278. It noted that the regulation was authorized by a provision in a federal Act authorizing federal agencies to effect the provisions of the Act by issuing rules and regulations. Respondents urged that the provision should be interpreted as creating a private right of action to enforce the regulations because doing so would help achieve the Congressional purpose behind the Act. *Id*. at 287. The Court found that it need look no further than the text of the statute to reject the respondent's position. It noted that the language of the statute did not expressly confer such a right, and that such an intent could not reasonably be inferred from the statutory language. *Id*. at 288-90.

The Ninth Circuit has noted that the Supreme Court's approach to claims alleging an implied cause of action under a federal statute has shifted in recent decades. *Segalman v. Southwest Airlines Co., 895 F.3d 1219, 1222* (9th Cir. 2018). Since *Sandoval*, federal courts assessing whether a federal statute creates a private right of action are tasked only with determining whether Congress intended to create a private right of action. The Court is to use

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 13 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

ordinary tools of statutory construction to perform this analysis. No such private right of action can be inferred absent an indication of legislative intent to create one. *Segalman at 1222-29.*

Section 7(h)(1)(A) of ANCSA reads as follows:

> (h) Settlement Common Stock.
>   (1) Rights and restrictions.
>     (A) Except as otherwise expressly provided in this Act, Settlement Common Stock of a Regional Corporation shall—
>       (i) carry a right to vote in elections for the board of directors and on such other questions as properly may be presented to shareholders;
>       (ii) permit the holder to receive dividends or other distributions from the corporation; and
>       (iii) vest in the holder all rights of a shareholder in a business corporation organized under the laws of the State.

These provisions require that shares of settlement common stock of an ANCSA corporation confer certain rights in the holders of those stocks. But none of the rights expressly guaranteed to ANCSA shareholders in Section 7(h)(1)(A) include a private right of action to bring state law claims in federal court. Absent the express creation of a private right of action in a statute, the Court cannot create one unless it finds evidence that Congress intended to create one.

There is no evidence that Congress intended to create a private right of action under Section 7(h)(1)(A)(iii) that allows ANCSA shareholders to sue ANCSA corporations in federal court for violations of Alaska's Corporations Code. In fact, the evidence is that Congress had no such intention. The obvious purpose of Section 7(h)(1)(A) was to define the attributes of shares of ANCSA settlement common stock. Section 7(h)(1)(A)(iii) requires that the holders of ANCSA settlement common stock be vested with "all rights" that a shareholder in an Alaska business corporation has. Because some classes or series of stocks may not carry voting rights or rights to dividends with them, Sections 7(h)(1)(A)(i) & (ii) specify that these rights must also be

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 14 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 1:20-cv-00009-SLG   Document 36   Filed 09/30/21   Page 14 of 32

attributes of ANCSA settlement common stock.

There is no need to create a private right of action in ANCSA to enforce these provisions, because once the attributes of ANCSA settlement common stock were established in Section 7(h)(1)(A), any ANCSA shareholder can bring suit in state court under Alaska's Corporation Code to enforce them, just as any other shareholder in an Alaska business corporation can do.

Moreover, the scope of the rights vested in ANCSA shareholders in Section 7(h)(1)(A)(iii) are "all rights" that Alaska law confers on shareholders of an Alaska corporation. But an Alaska statute cannot confer on such a shareholder the right to bring a federal lawsuit to enforce their rights under Alaska law. A shareholder in an Alaska corporation does not have the right to bring claims under Alaska's Corporations Code in federal court, unless he can establish federal court jurisdiction over the claim through one of the Court's jurisdictional bases set forth in Title 28 of the United States Code. Thus, in order to infer that Section 7(h)(1)(A)(iii) creates a private right of action in favor of ANCSA shareholders to enforce violations of Alaska's Corporations Code in federal court, the Court must conclude that when Congress mandated that ANCSA shareholders would enjoy "all rights" of shareholders in private Alaska corporations, it actually meant to confer to them a right (*e.g.* a federal private right of action) that shareholders in private Alaska corporations do not enjoy. Such an interpretation of Section 7(h)(1)(A)(iii) is unreasonable because it is contrary to the plain language of the statute.

Since Section 7(h)(1)(A)(iii) does not create a private right of action in favor of ANCSA shareholders to enforce rights under the Alaska Corporations Code in federal court, and since Plaintiff has not pled a claim that falls within the Court's jurisdiction, the only basis for the Court to exercise jurisdiction over Plaintiff's state law claims is if it exercises supplemental jurisdiction over them. The Court declined to exercise jurisdiction over Plaintiff's state law claims in its

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 15 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Order of June 30, 2021.[30]  It declined to do so because it dismissed all of the federal claims asserted in Plaintiff's original complaint.  If the Court grants Defendants' motion to dismiss the federal claims asserted in the FAC, it should again decline to exercise supplemental jurisdiction over Plaintiff's state law claims, for the reasons stated in the Court's June 30, 2021 Order.

**II.     The FAC Fails to Allege Facts Supporting Violations of ANCSA Section 7(o).**

ANCSA Section 7(o) requires that the accounts of a village corporation shall be audited annually by an independent public accountant.  It further requires that audit reports, or a summary thereof, be transmitted to each stockholder of the corporation.

Plaintiff's original complaint alleged that KTC is violating Section 7(o).  He complained that KTC was not sending reports from its auditors to its shareholders in a timely manner, and that in some years it had neither conducted an audit nor sent an audit report to its shareholders.  However, the complaint did not identify which years KTC purportedly failed to conduct required audits.  The Court found that these allegations were insufficient to state a claim that KTC had failed to audit its records.  It also noted that, to the extent Plaintiff was alleging that KTC had not disseminated audit reports in a timely manner, Section 7(o) of ANCSA does not impose a timeliness requirement.[31]

Plaintiff's FAC reasserts his claim based on Section 7(o) of ANCSA, but his renewed allegations suffer from the same defects identified in the June 30 Order.  Once again, Plaintiff fails to allege in what year KTC failed to conduct an audit of its accounts.  Indeed, in paragraph 10 of the FAC, he concedes that he *cannot* identify which years KTC did not audit its finances.

Moreover, Plaintiff has attached several exhibits to the FAC that demonstrate that KTC has conducted all required audits, and that Plaintiff has copies of the audits dating back to at least

---

[30] Order of June 30, 2021 (Docket 22) at n. 51.

[31] Order at p. 14, n. 50.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 16 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

the audit of KTC's accounts for 2017:

- Exhibit 1 to the FAC is an auditor's report of KTC finances for 2017 and 2018;

- Exhibit 2 to the FAC is an auditor's report of KTC finances for 2018 and 2019;

- Exhibit 3 to the FAC is an auditor's report of KTC finances for 2019 and 2020;

- Exhibit 5 to the FAC is a KTC Newsletter dated April 2017. On page 2, the Newsletter states that "we have now completed all our audits and we have all our taxes up to date."

Thus, Plaintiff states in the FAC that while he believes KTC has not performed the audits required in Section 7(o) of ANCSA, he is unable to say for what years KTC failed to perform the required audits. And Exhibits 1-3 and 5 of the FAC show that KTC performed and distributed the required audits for 2017, 2018, 2019 and 2020, and that in early 2017 it had "completed all our audits" necessarily referring to audits for years preceding 2017.

As discussed at pages 20-21 of Defendants' Motion to Dismiss Plaintiff's original complaint (Docket 11), the statute of limitations for any ANCSA claims is three years. Claims relating to any alleged failure to distribute auditors' reports from more than three years ago would be barred, even if they had been adequately pled. Since the exhibits to Plaintiff's FAC demonstrate that he has received auditors' reports for the past four years, he cannot possibly have any claims based on Section 7(o) of ANCSA that are not time-barred.

The FAC thus fails to allege any facts that support Plaintiff's claim based on Section 7(o) of ANCSA, and even if such claims exist based on the failure to conduct audits before 2017, those claims are time-barred. Thus, Plaintiff's claims based on ANCSA Section 7(o) must be dismissed. Because the Exhibits that Plaintiff attached to the FAC demonstrate that he has received copies of audit reports of KTC's finances for the past four years, there is no way that Plaintiff can amend the FAC to state a viable claim under Section 7(o). Thus, the Court should dismiss the Section 7(o) claim with prejudice.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 17 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Case 1:20-cv-00009-SLG   Document 36   Filed 09/30/21   Page 17 of 32

**III.** **The FAC Fails to Allege Facts Supporting Violations of the Small Business Act.**

Paragraphs 46 – 48 of the FAC contain new allegations relating to a new claim based on alleged violations by KTC of Section 8(a) of the Small Business Act and the Small Business Administration's regulations implementing that Act. They allege that KTC participates in the Section 8(a) program, which allows KTC to receive a preference in being awarded government contracts. It further alleges that a condition of KTC's participation in the Section 8(a) program is that "it is required to share the financial rewards with all of its shareholders and it cannot focus these benefits on sub-groups of shareholders or upon insiders." It alleges that by "denying Mr. Adams his pro rata share of corporate dividends and distributions (which include profits that KTC has received from its participation in the SBA programs)," KTC is violating the Small Business Act and its implementing regulations. FAC at ¶ 48.

These allegations do not state a claim for relief under the Small Business Act for several reasons. First, KTC does not participate directly in the Section 8(a) program. Rather, it has formed subsidiaries that participate in the Section 8(a) program. Second, neither Section 8(a) of the Small Business Act nor the Small Business Administration's regulations governing the program, create an obligation on the part of KTC to distribute profits its receives from its Section 8(a) subsidiaries to KTC's shareholders in the form of dividends. Third, neither the Small Business Act nor the Small Business Administration's regulations create any private cause of action in favor of Plaintiff to assert the Section 8(a) claims asserted in the FAC.

**A.** **KTC Subsidiaries Participate in the Section 8(a) Program.**

In ¶ 46 of the FAC, Plaintiff refers the Court to Exhibits 1-16 to the FAC, which he claims "contains references to KTC's enrollment in the Section 8(a) program." But these exhibits refer to KTC *subsidiaries* that participate in the program. It is KTC's subsidiaries that are qualified by the Small Business Administration to participate in the Section 8(a) program.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 18 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

For example, Exhibit 4 consists of the materials sent by KTC to its shareholders prior to the 2019 Annual Meeting. Among those materials are a report from CEO Jeff Hills, in which he discusses the participation by KTC subsidiaries in the 8(a) program. Exhibit 4 to FAC at 6-7. Exhibit 5 to the FAC are the meeting materials for KTC's 2020 annual meeting. The CEO's report for the 2020 annual meeting again discusses the participation of KTC subsidiaries in the Section 8(a) program. Exhibit 5 to FAC at 12-13.

**B.  Nothing in the Small Business Act or its Implementing Regulations Requires Alaska Native Corporations to Pay as Dividends Any Profits it Receives From its Section 8(a) Subsidiaries.**

The statutory authority for the Section 8(a) program is 15 U.S.C. §637. While Plaintiff claims that the statute requires KTC to distribute any profits its subsidiaries realize as a dividend to KTC's shareholders, he cites no provision in 15 U.S.C. § 637 that contains such a requirement, which is because *there is no such requirement*. Since 15 U.S.C. § 637 contains no such requirement, Plaintiff's claims premised on the existence of such a requirement cannot succeed and must be dismissed.

Section 637 does require that each Program Participant submit an annual report to the SBA. 15 U.S.C. § 637(a)(6)(B).[32] Thus, the 8(a) Participants submit an annual report to the SBA including a record of all payments made by the Participant to the parent company. The SBA may determine that such a Program Participant is no longer eligible to participate in the Section 8(a) program, based on its review of such information. 15 U.S.C. § 637(a)(6)(C). A Program Participant has the right to an administrative hearing to contest the determination. 15 U.S.C. §§ 637(a)(6)(C)(ii) & (a)(9).

The Small Business Administration's regulations governing the Section 8(a) program are

---

[32] SBA's Section 8(a) regulations define "Participant" to mean a small business concern admitted to participate in the 8(a) business development program. 13 C.F.R. 124.3.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 19 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

1  found at 13 CFR Part 124.  Plaintiff alleges, at paragraph 47 of the FAC, that 13 CFR 124.112(d)

2  requires that any profits that KTC receives from its subsidiaries participating in the program be

3  paid on a pro rata basis to its shareholders, but he is wrong.  The regulation addresses the criteria

4  used by the SBA to determine whether a business remains eligible to participate in the Section

5  8(a) program.  Subsection (d) provides that if the SBA determines that excessive withdrawals

6  from a program "Participant" are detrimental to the goals of the Participant's business plan, it

7  can terminate the Participant's participation in the Section 8(a) program, or take other remedial

8  measures.[33]

9          Subsection 124.112(d)(5) specifically clarifies that excessive withdrawal analysis "does

10  not apply to Participants owned by …ANC's…where a withdrawal is made for the benefit of the

11  … ANC…."  It further provides that the excessive withdrawal analysis applies to withdrawals

12  from a firm owned by an ANC "that do not benefit the relevant entity or community."  But the

13  relevant "entity" refers to the ANC that owns the Participant.  Thus withdrawals by ANCs of

14  profits from ANC-owned Participants *are not subject to the excessive withdrawal analysis*.

15  Thus, contrary to Plaintiff's assertion, the regulation does not require an Alaska Native

16  Corporation to distribute as dividends any profits that it receives from subsidiaries that

17  participate in the Section 8(a) program.

18          Plaintiff does not cite any other specific statute or regulation governing the Section 8(a)

19  program that he claims supports his claim based on Section 8(a).  He broadly refers to "the Small

20  Business Act 15 U.S.C. § 631 *et. seq*.," "13 C.F.R. Part 124" and "13 CFR 124.109-.604" as the

21  basis of his Section 8(a) claim, but these are broad citations that refer to dozens of pages of

22

23  _____

[33] The term "Participant," as used in the SBA Section 8(a) program regulations, means a small
24  business concern that is admitted to the Section 8(a) program.  13 C.F.R. 124.3.  Thus, for
    purposes of this motion, the term refers to KTC subsidiaries that are participating in the Section
25  8(a) program, but not to KTC, which is not a program Participant.

26  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
    COMPLAINT                                           SCHWABE, WILLIAMSON & WYATT, P.C.
    *Peter Adams v. Kake Tribal Corporation, et al.*                    420 L Street, Suite 400
                                                                          Anchorage, AK 99501
    Case No. 1:20-cv-00009-SLG – Page 20 of 32            Telephone:  (907) 339-7125

statutes and regulations, which have no relevance to Plaintiff's claims.

Defendants are not aware of any provision within these statutes and regulations that requires KTC to distribute any distributions it receives from its Section 8(a) subsidiaries to its shareholders in the form of dividends. If Plaintiff contends that a provision of the Small Business Act requires KTC to distribute any profits of its subsidiaries to its shareholders, he should provide specific citations to those provisions in his Opposition to this motion, rather than broadly citing an Act and regulations that address numerous topics and cover dozens of pages, thereby forcing Defendants and the Court to spend their resources trying to ascertain whether any of the Act's provisions support Plaintiff's claims.

The only other regulations adopted by the Small Business Administration that are even tangentially related to Plaintiff's arguments are:

- 13 CFR 601 requires Participants to submit a semi-annual report listing any agents, representatives, accountants, consultants and other parties receiving fees, commissions or other compensation to assist the Participant in obtaining Section 8(a) contracts. This requirement is also found at 15 U.S.C. 637(a)(20).
- 13 CFR 124.602, which requires Participants in the Section 8(a) program to submit an annual financial statement to the SBA.
- 13 CFR 124.604, which requires each Participant owned by an Alaska Native Corporation to submit information to the SBA showing how the Alaska Native Corporation has provided benefits to its members due to its participation in the Section 8(a) program through one or more firms. The regulation then provides examples of the types of benefits covered by the regulation, including funding of cultural programs, employment assistance, jobs, subsistence activities, and "other services." There is no requirement in this regulation that the Native Corporation pay any of the profits it receives from its subsidiary Participants to its shareholders in the form of a dividend or other distribution.

None of these regulations support Plaintiff's claim that KTC is required to distribute any income it receives from the participation of its subsidiaries in the Section 8(a) program to its shareholders in the form of a dividend. Simply put, neither Section 8(a) of the Small Business

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 21 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Act nor regulations adopted to implement Section 8(a) provide support for Plaintiff's claims in this matter. While the SBA requires KTC to explain how the participation of its subsidiaries in the program benefits KTC's shareholders, such benefits can take many forms, including the funding of programs and services and employment opportunities. Plaintiff's claims based on the Small Business Act must therefore be dismissed.

### C. The Small Business Act Does Not Create a Private Right of Action in Favor of KTC's Shareholders.

Plaintiffs Small Business Act claim must also be dismissed because the Act does not create a private right of action in favor of shareholders to enforce the Act or its regulations. Because nothing in the text of Small Business Act creates an express private right of action that permits a shareholder of an Alaska Native Corporation to sue the Corporation to force it to pay a dividend to its shareholders, Plaintiff must establish that such a private right of action is implied by the Act's terms. *Alexander v. Sandoval*, 532 U.S. 275, 121 S. Ct. 1511 (2001); *Segalman v. Southwest Airlines Co.*, 895 F.3d 1219, 1222 – 29 (9th Cir. 2018).

Nothing in the Small Business Act even remotely suggests that Congress intended to create a cause of action under the Act in favor of shareholders of an Alaska Native Corporation to force the corporation to pay dividends. The purpose of the Act was to establish a program requiring the SBA to award certain government contracts to qualifying minority-owned disadvantaged businesses. Section 8(a) contains organic provisions that establish the program and the eligibility requirements for participation in the program. If an applicant wishes to challenge a determination by the SBA regarding its eligibility to participate in the program, Section 8(a) requires the applicant to pursue an administrative claim under the Administrative Procedure Act. 15 U.S.C. § 637(a)(9). It contains no provision that creates an express private cause of action that permits Plaintiff to sue for an alleged violation of Section 8(a) by KTC.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 22 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

Since there is nothing in the Act that remotely suggests that Congress intended to create such a private cause of action in Section 8(a), the Court must dismiss Plaintiff's claim based on the Small Business Act.

**IV.    Plaintiff's Claims Based on Alaska Law Must Also Be Dismissed.**

As discussed above, and in Defendants Motion to Dismiss Plaintiff's original complaint (Docket 11) the Court should decline to exercise supplemental jurisdiction over Plaintiff's claims based on Alaska's Corporations Code because Plaintiff has failed to state a federal claim in the FAC. But even if the Court were to exercise supplemental jurisdiction over Plaintiff's state law claims, it would have to dismiss them because Plaintiff has failed to plead claims under Alaska law upon which relief can be granted.

**A.    No Violation of A.S. 10.06.433.**

Plaintiff's original complaint alleged that KTC has violated Alaska's Corporations Code. He claimed that A.S. 10.06.433(a) requires KTC to conduct an annual audit of its finances, and to send a financial report to its shareholders within 180 days after the close of each fiscal year. He alleged that in the past, KTC has not always conducted an audit of its finances, and in those years did not send a financial report to its shareholders.

With respect to A.S. 10.06.433, the Court noted in its June 30 Order that Plaintiff failed to allege that he had requested copies of the required financial reports. It cited A.S. 10.06.433(f), which provides shareholders with a remedy for enforcing the requirements regarding the dissemination of corporate financial information to shareholders contained in A.S. 10.06.433(a). That remedy is a penalty of $25 per day, up to a maximum penalty of $1,500. But the penalty only begins to accrue 30 days after the corporation receives a written request from the shareholder for the financial statements. The Court held that Plaintiff failed to state a claim for relief under A.S. 10.06.433 because he failed to allege that he requested financial statements

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 23 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

from KTC.

The FAC contains no new allegations that correct this deficiency. Nowhere in the FAC does Plaintiff allege that he has ever requested financial statements from KTC. Nor does he allege that KTC failed to provide such financial information to him after he requested it. And since audited financial reports for calendar years 2017 – 2020 are attached as Exhibits to Plaintiff's FAC, it is clear that Plaintiff in fact has copies of the audited financial data for KTC for the past four years. Thus the factual allegations in the FAC, including the exhibits to the FAC, demonstrate that Plaintiff has no viable claim under A.S. 10.06.433.

In paragraph 41 of the FAC, Plaintiff makes a legal assertion that his right to assert claims that KTC failed to comply with the 180 day requirement in A.S. 10.06.433(a) "is not predicated upon the different remedy that resides in A.S. 10.06.433(f)." But the Court has already correctly ruled that Plaintiff must request copies of financial reports before any right of action accrues under A.S. 10.06.433. Since Plaintiff has again failed in the FAC to allege that he requested financial records before bringing this lawsuit, and since Plaintiff's FAC demonstrates that he in fact has financial reports for the past four years, his claims based on this statute must be dismissed.

**B.      No Violation of A.S. 10.06.305 & .313.**

Paragraphs 26 of the original complaint and the FAC refer to A.S. 10.06.305, which permits a corporation to issue one or more classes or series or shares, but provides that all shares of a class shall have the same rights. They also refer to A.S. 10.06.313, which requires that the relative rights and preferences of the same class and series of shares be identical. Plaintiff alleges, in Paragraphs 30 of the original complaint and the FAC, that KTC has no preferred or special classes of stock. He alleges, at Paragraphs 33 of both the original complaint and the FAC, that KTC pays dividends that are "disguised as salaries, director's fees, honorariums,

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 24 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

emoluments…" and claims that these disguised dividends violate A.S. 10.06.305 & .313 because they are not paid equally to each KTC shareholder.

In its June 30 Order, the Court found that these allegations were not sufficient to state a claim that Defendants violated A.S. 10.06.305 or .313 because they do not allege that Defendants treated Plaintiff's shares disparately from other shareholders.[34]  In response, Plaintiff has attempted to allege additional facts supporting this claim by adding language to Paragraph 27 in the FAC, and by adding new paragraphs 44 and 45 to the FAC.  These new allegations assert that the payment of salaries and fees to KTC's officers and directors amounts to the creation of a new class of preferred stocks issued only to its directors and officers, that allows them to receive distributions in the form of salaries and fees that are paid to them for their work on behalf of KTC.  He thus alleges that KTC treats these shareholders better than it treats him.

The new allegations in the FAC do not state a claim that KTC has violated A.S. 10.06.305 or .313.  These provisions require that shares of the same class and series carry the same rights and preferences.  Plaintiff does not allege that KTC has actually issued shares of a class or series that carry different rights.  Nor does he allege that the right of KTC's officers and directors to receive salaries or fees as compensation for their work derives from their ownership of KTC shares, as opposed to deriving from the fact that they are providing services to KTC for which they are compensated.  Rather, he alleges that the payment of modest salaries and fees to KTC's officers and directors is somehow analogous to creating a new class of shares that allow them to receive dividends that he is not receiving.

These allegations do not state a claim that KTC has violated A.S. 10.06.305 or .313.  A.S. 10.06.305 and .313 do not prohibit a corporation from paying salaries or fees to shareholders

---

[34] June 30 Order at 13.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 25 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 1:20-cv-00009-SLG   Document 36   Filed 09/30/21   Page 25 of 32

who serve as directors or officers or the corporation.[35]  Paying such shareholders salaries or fees to compensate them for their service to the corporation is not proof that the corporation has issued shares of the same class or series that carry different rights.  *See Demmert v. Kootznoowoo, Inc.*, 45 P.3d 1208 (Alaska 2002) (Alaska Native Corporation's program to hire shareholders to work as longshoremen, and to pay some of the longshore workers travel costs, did not amount to a discriminatory distribution of corporate wealth in favor of a select group of shareholders, and did not violate A.S. 10.06.305 or 10.06.313); *Henrichs v. Chugach Alaska Corp*., 260 P.3d 1036, 1044-45 (Alaska 2011) (payment by corporation of prizes to shareholders who returned proxy ballots by certain date did not amount to an illegal distribution in violation of Alaska's Corporations Code).

In *Henrichs,* the Court further noted that the phrase "distribution to its shareholders" is defined to mean "the transfers of cash or property by a corporation or its subsidiary without consideration…."  A.S. 10.06.990(6).  Payment of salaries and fees to officers and board members constitutes a payment *with* consideration, since it is a payment to the corporate officers and directors for their work and services.

A corporation must be allowed to pay its officers a salary, and to pay board members a fee for their time and service given to the corporation and to reimburse their expenses.  If a corporation's payment of such salaries and fees violated the Corporations Code, corporations would not be able to hire workers who were also shareholders, or pay anything to shareholders who agree to devote their time and energy to corporate governance.  Defendants are aware of no

---

[35] As reflected in Exhibit 4 to the FAC at page 18, in 2018 KTC paid Directors Fees totaling $64,238.80 to 15 directors.  It also paid salaries to its Directors and Board president totaling $143,712.  President Robert Mills received a total of $101,307.98.  The Board met 12 times in 2018.  Exhibit 4 to FAC at 19.  In 2019 KTC paid Directors Fees totaling $64,675.  Exhibit 5 to FAC at 18.  Excluding the salary paid to CEO Jeff Hills (who is not a KTC shareholder), KTC paid board members salaries that totaled $203,594.16.  *Id.*  The Board met 11 times in 2019.  *Id.* at 19.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 26 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

Case 1:20-cv-00009-SLG   Document 36   Filed 09/30/21   Page 26 of 32

legal case that has interpreted the Corporations Code to prohibit corporations from hiring shareholders to serve as officers, or paying directors fees for their service to the corporation.

Because salaries and fees are neither dividends nor distributions to shareholders, and the payment of salaries and fees to KTC officers and board members are the only payments about which Plaintiff complains, he does not allege that KTC has actually paid dividends to its officers or directors that it has not paid to all shareholders. Thus, Plaintiff's claims based on A.S. 10.06.305 and .313 should be dismissed.[36]

### C. No Violation of A.S. 10.06.542.

Plaintiff claims that, like A.S. 10.06.305, A.S. 10.06.542 prohibits disparate treatment of shares of the same class or series, and requires that all such shares be treated equally. *See* FAC at ¶¶ 28, 33. But A.S. 10.06.542 applies only in cases involving mergers, corporate consolidations, and share exchanges. KTC has not been party to a corporate merger, consolidation or share exchange, and Plaintiff does not allege that it has been. Thus, he has not stated a claim under A.S. 10.06.542. Moreover, even if the statute was applicable, KTC has not violated it since, as discussed above, payments of salaries and fees to corporate officer and directors are not dividends or distributions to shareholders.

### D. Plaintiff Has Failed to Comply with Alaska and Federal Pleading Requirements for Asserting a Shareholders' Derivative Claim.

As set forth at pages 27-29 of KTC's Motion to Dismiss Plaintiff's original complaint (Docket 11), and pages 12-14 or its Reply (Docket 20), Mr. Adams' claim that KTC's officers and directors are looting the corporation by paying themselves excessively is a shareholder

---

[36] Even if it was true that KTC had issued a "new class of preferred or preference stock" as alleged in Paragraph 45 of the FAC (it is not true), that would not amount to a violation of A.S. 10.06.305 or .313 because the new preferred stock would be of a different class than the common shares held by Plaintiff.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 27 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

derivative claim. Both Alaska law and federal law contain specific pleading requirements that must be met to bring a shareholders' derivative claim. Alaska Statute 10.06.435 permits a shareholder to bring an action in favor of a corporation against the corporation's officers or directors. But a shareholder has no individual right to sue a corporation's officers or directors for breach of their duties owed to the corporation, when such a breach results in injuries to the corporation.

The Court did not address this argument in its June 30, 2021 Order dismissing Plaintiff's original complaint. Defendants incorporate their arguments on this issue raised in their prior Motion to Dismiss and Reply herein. To the extent the FAC asserts claims alleging that KTC's officers and directors have breached fiduciary duties they owe to the corporation, those claims belong to the corporation and Plaintiff has no standing to assert them on his own behalf. He must assert them as derivative claims. But he has failed to comply with the notice and demand requirements required under A.S. 10.06.435 and Federal Civil Rule 23.1. He also failed to comply with the requirement that his complaint be verified. His claims seeking damage and other relief under Alaska law should therefore be dismissed.

**V.**    **<ins>Plaintiff's Claims Relating to Annual Financial Statements and Past Annual Meetings Are Moot.</ins>**

Plaintiff complains that he has not received audited financial reports regarding KTC's finances within six months of the close of KTC's fiscal year, and that at some unspecified time in the past KTC did not hold an annual shareholders meeting. But Plaintiff has attached copies of KTC's financial statements covering calendar years 2017 through 2020. *See* Exhibits 1-3 to FAC. As set forth in the Second Declaration of Jeff Hills (Docket 20-1), KTC has regularly held shareholder meetings and mailed meeting materials to its shareholders, including financial statements for the past several years. *See also*, Exhibits 4 & 5 to FAC (Shareholder Notice of

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 28 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

1  Annual Meetings for 2019 and 2020).  Exhibit 16 to the FAC is KTC's Newsletter to its

2  Shareholders for the second quarter of 2021.  On page 2 of the newsletter is an announcement

3  that KTC's annual shareholders meeting will occur on November 6, 2021.

4      Thus, the Exhibits that Plaintiff has attached to the FAC demonstrate that Plaintiff has

5  received KTC's audited finances for the past four years, and KTC has held annual meetings for

6  the past two years and has scheduled its 2021 meeting.

7      Given these undisputed facts, any claim relating to KTC's dissemination of its financial

8  statement to its shareholders, or it holding of annual meetings, is moot because KTC is not

9  currently violating any statutes relating to those issues.  An actual, live controversy must exist at

10  all stages of a proceeding, not merely when the complaint is filed.  *Arizonans for Official English*

11  *v. Arizona*, 520 U.S. 43, 67 (1997); *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211-12 (9th

12  Cir. 2018).  Thus, a plaintiff must satisfy the irreducible constitutional minimum of Article III

13  standing at each stage of the litigation, including on appeal.  Standing requires a showing that a

14  plaintiff has suffered an (1) injury-in-fact that is actual or imminent and concrete and

15  particularized, rather than speculative or hypothetical; (2) which is fairly traceable to the conduct

16  complained of; and (3) which is likely to be redressed by a favorable ruling.  *Lujan v. Defenders*

17  *of Wildlife*, 504 U.S. 555, 560–61 (1992); *Bain v. Cal. Teachers Ass'n, supra; Native Village of*

18  *Nuiqsut v. BLM*, 432 F. Supp. 3d 1003, 1016–17 (D. Alaska 2020).

19      To avoid mootness, the court must determine that the issues in a case remain live, and

20  that the parties continue to have a legally cognizable interest in the outcome throughout the

21  proceeding.  *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1133-34 (9th Cir. 2004).  The

22  party asserting mootness bears the burden of establishing that there is no effective relief

23  remaining that the court could provide.  *Id.*

24      Plaintiff will likely argue that his claims relating to the late distribution of KTC financial

25

26  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 29 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125

statements and annual shareholder meetings are not moot because KTC may not hold annual meetings or timely disseminate financial statements in the future. This speculative concern about the future distribution of KTC's financial reports is not sufficient to create a present case or controversy. The "capable-of-repetition" doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality. *L.A. v. Lyons,* 461 U.S. 95, 109 (1983); *Vegas Diamond Props v. FDIC*, 669 F.3d 933, 936-37 (9th Cir. 2012).

Because the record clearly demonstrates that Plaintiff has received financial statements from KTC for the past four years, and since KTC has held annual shareholder meetings for the past several years and has announced the date of its 2021 meeting, there is no present case or controversy regarding these issues and no reason to think that KTC will not hold meetings or distribute financial information to its shareholders in the future. Thus any claims based on past alleged violations relating to these issues are moot and should be dismissed.

## VI.    The First Amended Complaint Alleges No Cause of Action Against Defendants Hills or Mills.

In its June 30, 2021 Order, the Court noted that Plaintiff's original complaint failed to allege any theory of liability against Defendants Jeffrey Hills or Robert Mills. The FAC suffers from the same defect in that it fails to state any claims against these Defendants. As noted above, to the extent Plaintiff alleges that they have breached a fiduciary duty they owe to KTC, Plaintiff can only assert that claim as a shareholders' derivative suit. But since he has not complied with the notice or pleading requirements for asserting a derivative claim, the FAC does not assert a viable claim that they breached such duties.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move the Court for an Order

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 30 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

dismissing Plaintiff's First Amended Complaint with prejudice. According to case law, a court considering a motion to dismiss *with prejudice* should consider whether a less drastic alternative might exist. *McHenry v. Renne*, 84 F.3d 1172, 1178-79. Among the considerations that the Court should weigh are the strength of a plaintiff's claims to the extent it is available, and the added burden placed on defendants in related litigation relating to similar claims. *Id*.

This Court has *already* given Plaintiff the opportunity to amend his pleadings to state viable claims. In response, Plaintiff re-alleged the same claims under ANCSA and state law that he previously alleged, making only minor revisions to the factual allegations supporting them. The Court has already found that Plaintiff cannot succeed on his ANCSA Section 7(h)(1)(A) claims, since KTC's Articles of Incorporation demonstrate that KTC's shares comply with Section 7(h)(1)(A). The Exhibits to the FAC clearly demonstrate that Plaintiff has received audited financial statements for the past four years, thus demonstrating that Plaintiff has no viable claim under Section 7(o) of ANCSA.

The only new claim asserted by Plaintiff in the FAC is his claim based on Section 8(a) of the Small Business Act. But as demonstrated above, he has failed to identify any portion of Section 8(a) that KTC has violated, nor can he demonstrate that the statute confers in him a private right of action. These fatal deficiencies with respect to the Section 8(a) claim cannot be remedied by allowing Plaintiff another opportunity to re-plead the claim.

As discussed in KTC's Motion to Dismiss Plaintiff's original complaint, Plaintiff's counsel, Mr. Triem, has been in litigation with KTC regarding the *Martin* and *Hanson* class action litigation for decades. Even though he was replaced several years ago as class counsel in those lawsuits, he filed an appeal from orders of the Alaska Superior Court vacating an underlying judgment and clearing a judgment lien from KTC's property. In his appeal, he asks the Alaska Supreme Court to vacate the Superior Court orders and reinstate judgments against

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 31 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone: (907) 339-7125

1  KTC.  KTC believes that this present lawsuit is nothing more than another vehicle for Plaintiff's

2  counsel to continue his campaign of abuse and harassment against KTC.

3     For all of the reasons identified above, and because Plaintiff has not and cannot state any

4  viable claims against KTC, the Court should dismiss this lawsuit with prejudice.

5     DATED at Anchorage, Alaska this 30th day of September, 2021.

6          SCHWABE, WILLIAMSON & WYATT, P.C.
        Attorneys for Defendants KAKE TRIBAL

7          CORPORATION, JEFFREY W. HILLS and
        ROBERT D. MILLS

8

9         s/  Herbert H. Ray, Jr.
       Herbert H. Ray, Jr., Alaska Bar #8811201

10        Robert J. Misulich, Alaska Bar No. 1111083
       420 L Street, Suite 400

11        Anchorage, AK  99501
       Telephone:  (907) 339-7125

12

13

14  **CERTIFICATE OF SERVICE**

15  I hereby certify that on the 30th day of September, 2021
I caused a true and correct copy of the foregoing

16  MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT to be served electronically via

17  CM/ECF in accordance with the Court's electronic filing
procedures on the following:

18  Fred W. Triem
Box 129

19  Petersburg, AK 99833-0129
*triemlaw@alaska.net*

20

21   s/  Herbert H. Ray, Jr.

22  Herbert H. Ray, Jr.

23  PDX\HHR\31799806.1

24

25

26  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT
*Peter Adams v. Kake Tribal Corporation, et al.*
Case No. 1:20-cv-00009-SLG – Page 32 of 32

SCHWABE, WILLIAMSON & WYATT, P.C.
420 L Street, Suite 400
Anchorage, AK 99501
Telephone:  (907) 339-7125