# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETER ADAMS,<br><br>              Plaintiff,<br><br>     v.<br><br>KAKE TRIBAL CORPORATION,<br>JEFFREY W. HILLS, and ROBERT D.<br>MILLS,<br><br>              Defendants. | Case No. 1:20-cv-00009-SLG |

## ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO DETERMINE RULE OF LAW

Before the Court at Docket 36 is Kake Tribal Corporation, Jeffery W. Hills, and Robert D. Mills's (collectively, "Defendants") *Motion to Dismiss Plaintiff's First Amended Complaint*. Plaintiff Peter Adams, Sr. did not file a response. Also before the Court at Docket 37 is Plaintiff's *Motion to Determine Rule of Law in the Case*, which addresses many of the same topics raised in Defendants' motion to dismiss. Defendants responded in opposition at Docket 39, to which Plaintiff replied at Docket 40. Given the overlap, the Court will treat Plaintiff's motion and reply as an opposition to Defendants' motion to dismiss. Oral argument was not requested for either motion and was not necessary to the Court's decision.

## FACTUAL & LEGAL BACKGROUND

The factual allegations and legal background of this case are set forth in detail in the Court's June 30, 2021 order at Docket 22 ("June 30 Order"). In short,

Plaintiff, a shareholder of Kake Tribal Corporation ("KTC"), alleges that Defendants violated Section 7 of the Alaska Native Claims Settlement Act ("ANCSA" or "the Act") and the Alaska Corporations Code by failing to conduct and timely disclose financial audits, not holding annual shareholders meetings, failing to distribute dividends, and violating other fiduciary rights and privileges of KTC shareholders, among other claims.

In the June 30 Order, the Court dismissed without prejudice Plaintiff's original complaint but granted leave to file an amended complaint consistent with terms of the Court's order.[1] Plaintiff filed an *Amended Complaint for Corporate Governance* ("First Amended Complaint" or "FAC") on August 26, 2021, adding an additional claim under the Small Business Act regulations.[2] The Court now considers Defendants' motion to dismiss the FAC.

## LEGAL STANDARD

The Court's June 30 Order sets forth the legal standard for motions to dismiss.[3]

---

[1] *See* Docket 22 at 15 (June 30 Order).

[2] *See* Docket 30 (First Am. Compl.).

[3] *See* Docket 22 at 5–7 (June 30 Order).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 2 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 2 of 18

## DISCUSSION

### I. ANCSA Claims

Plaintiff's FAC asserts that Defendants violated several provisions of ANCSA. With respect to Plaintiff's ANCSA claims, the FAC contains limited new factual allegations that largely mirror those in the original complaint and are discussed below. Defendants assert that the FAC still fails to state viable ANCSA claims in federal court.[4]

#### A. Subsection 7(h)(1)(A)

As with the original complaint, Plaintiff's FAC alleges violations of three provisions of ANCSA subsection 7(h)(1)(A), each of which is addressed in turn.

##### i. Subsection 7(h)(1)(A)(i)

Subsection 7(h)(1)(A)(i) provides that "Settlement Common Stock of a [Village] Corporation shall . . . carry a right to vote in elections for the board of directors and on such other questions as properly may be presented to shareholders."[5]

In the June 30 Order, the Court held that Plaintiff failed to state a claim under ANCSA subsection 7(h)(1)(A)(i) because the complaint neither alleged that "the common stock issued by KTC does not confer the right to stockholders to vote in

---

[4] *See* Docket 36 (Mot. to Dismiss FAC).

[5] 43 U.S.C. § 1606(h)(1)(A)(i).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 3 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 3 of 18

corporate elections" nor that Plaintiff "has been denied the right to vote in any KTC election."[6]

Plaintiff's FAC alleges that in 2021 and in other years KTC "has not conducted an annual meeting within a reasonable time after the distribution of the annual financial report, the consequence of which is to impair [his] voting rights by preventing [him] from knowing the current state of the corporation's financial affairs and health at the very time when [he] need[s] this information to cast an informed vote."[7] Plaintiff also realleges that, in some years, "KTC did not conduct an annual meeting within the time allowed by its corporate bylaws," thereby denying him his right to vote in corporate elections.[8]

While Plaintiff's FAC contains new factual allegations, specifically with regard to the alleged failure to hold an annual meeting "within a reasonable time" in 2021, the FAC still does not allege that KTC shares do not confer a right to vote

---

[6] Docket 22 at 9 (June 30 Order).

[7] Docket 30 at 7, ¶ 24 (FAC) (new factual allegations regarding the 2021 annual meeting allegedly not being held "within a reasonable time after the distribution of the annual financial report").

[8] Docket 30 at 7, ¶ 23 (FAC) (alleging no elections were held in 2018 and 2019); *see, e.g.*, Docket 30 at 10, ¶ 42 ("Mr. Adams has been denied the right to vote in KTC's corporate elections (a) in years in which the corporation delays the annual meeting to a date so long after the distribution of the financial report that a shareholder can no longer cast a meaningful, informed proxy ballot, and (b) in years in which KTC holds no meeting at all. Mr. Adams has suffered loss of his voting rights in both ways."); Docket 30 at 6–7, ¶ 22 ("By delaying release of the annul [sic] financial report until a time when the data therein is no longer current, fresh or useable and . . . by delaying or omitting the annual meetings, KTC is subverting the corporate democracy and is denying me my right to vote in corporate elections. The consequence of these corporate practices is to deny me fair corporate suffrage." (emphasis omitted)).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 4 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 4 of 18

in elections. Additionally, Plaintiff's FAC does not state a viable claim under subsection 7(h)(1)(A)(i) on the basis that he was denied a "meaningful, informed" vote simply because annual shareholding meetings were not held at his preferred time; this subsection does not impose any requirement on KTC for when or if annual shareholder meetings must be held in relation to the release of financial reports. Similarly, Plaintiff cannot state a viable claim under this subsection alleging that he was denied a right to vote when no annual meetings were held because the statute only provides the right to vote when elections are held.

Accordingly, Plaintiff's FAC fails to state a claim that Defendants violated ANCSA subsection 7(h)(1)(A)(i).

### ii. Subsection 7(h)(1)(A)(ii)

Subsection 7(h)(1)(A)(ii) provides that "Settlement Common Stock of a [Village] Corporation shall . . . permit the holder to receive dividends or other distributions from the corporation."[9]

In the June 30 Order, the Court found that Plaintiff failed to state a claim under this subsection because the original complaint did "not allege that his shares of common stock do not entitle him to receive dividends or other distributions."[10] The Court also found that Plaintiff's claim that "he is entitled to receive dividends that have not been distributed by KTC in recent years" was unfounded because

---

[9] 43 U.S.C. § 1606(h)(1)(A)(ii).

[10] Docket 22 at 10 (June 30 Order).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 5 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 5 of 18

"subsection 7(h)(1)(A)(ii) only requires that common stock carry the right to a dividend *when* distributed."[11]

Plaintiff's FAC still does not allege that his shares of common stock do not entitle him to receive dividends or other distributions. Rather, the FAC merely again states Plaintiff's claims that he is not receiving regular dividends that he is allegedly entitled to because KTC officers and directors are purportedly looting the company.[12] But, as discussed previously, subsection 7(h)(1)(A)(ii) "plainly does not confer the right, as Plaintiff appears to allege, on a shareholder to automatically or routinely receive dividends."[13]

Accordingly, for the reasons discussed in the June 30 Order, Plaintiff's FAC fails to state a claim that Defendants violated subsection 7(h)(1)(A)(ii).

### iii. Subsection 7(h)(1)(A)(iii)

Subsection 7(h)(1)(A)(iii) provides that "Settlement Common Stock of a [Village] Corporation shall . . . vest in the holder all rights of a shareholder in a business corporation organized under the laws of the State [of Alaska]."[14] Plaintiff appears to allege both a direct violation of subsection 7(h)(1)(A)(iii) and various

---

[11] Docket 22 at 10 (June 30 Order).

[12] *See* Docket 30 at 10, ¶ 43 (FAC).

[13] Docket 22 at 10 (June 30 Order); 43 U.S.C. § 1606(h)(1)(A)(ii) ("*permit[ting]* the holder to receive dividends or other distributions from the corporation" (emphasis added)).

[14] 43 U.S.C. § 1606(h)(1)(A)(iii).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 6 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 6 of 18

violations of the Alaska Corporations Code as allegedly embedded into that federal provision.

### 1. Direct Violation of Subsection 7(h)(1)(A)(iii)

In the June 30 Order, the Court found that Plaintiff's original complaint failed to state a claim for a direct violation of subsection 7(h)(1)(A)(iii) because it did "not allege that his shares of KTC common stock do not confer upon him the same rights that the stock in an Alaska business corporation confers upon its stockholders under Alaska law."[15]

Plaintiff's FAC still suffers from this same defect. Accordingly, for the reasons in the June 30 Order, to the extent that Plaintiff is alleging that KTC directly violated this subsection by issuing common stock that does not confer upon him the same rights conferred upon Alaskan corporation shareholders, the FAC fails to state a claim that Defendants violated subsection 7(h)(1)(A)(iii).

### 2. State Violations as Embedded into Subsection 7(h)(1)(A)(iii)

Plaintiff also appears to assert that the reference in subsection 7(h)(1)(A)(iii) to "the laws of the State" confers upon him the right to assert violations of Alaska corporate law in federal court against Defendants.

In the June 30 Order, relying on *Cook Inlet Region, Inc. v. Rude*, the Court found that "where . . . 'state law is embedded in a federal-law claim,' this Court has

---

[15] Docket 22 at 11 (June 30 Order).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 7 of 18

jurisdiction to hear" such claims in federal court.[16] Nonetheless, the Court found that Plaintiff's "complaint fail[ed] to adequately plead violations of the Alaska Corporations Code."[17]

Asserting that *Rude* is distinguishable, Defendants now ask the Court to reconsider the June 30 holding that ANCSA subsection 7(h)(1)(A)(iii) incorporates the Alaska Corporations Code and thereby confers federal question jurisdiction on this Court to hear Plaintiff's claims of alleged violations of that code, despite a lack of diversity jurisdiction.[18]

*Rude* involved a suit by Cook Inlet Region, Inc. ("CIRI"), an ANCSA corporation, against certain of its shareholders who had distributed petitions seeking to lift ANCSA's alienability restrictions on the sale of ANCSA stock. The corporation alleged that the shareholders had violated a provision of ANCSA that expressly incorporates state law by providing that the solicitation of signatures for ANCSA shareholder petitions is governed by a provision of Alaska law prohibiting false and misleading statements in proxy solicitations.[19]

---

[16] Docket 22 at 11–12 (June 30 Order) (quoting *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012)).

[17] Docket 22 at 12–13 (June 30 Order).

[18] *See* Docket 36 at 10 (Mot. to Dismiss FAC).

[19] The ANCSA provision at issue states that "[t]he requirements of the laws of the State relating to the solicitation of proxies *shall govern* solicitation of signatures." 43 U.S.C. §1629b(c)(1)(B) (emphasis added); *see also* Alaska Stat. § 45.55.160.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 8 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 8 of 18

The shareholders asserted that there was no federal question jurisdiction over CIRI's claim. The Ninth Circuit disagreed, reasoning that CIRI had brought the claim under a provision of ANCSA that incorporated state law by expressly providing that the state law regarding proxy solicitations would apply to ANCSA shareholder petitions. It further reasoned that the plaintiff "could not have brought [the] claim directly under Alaska law because the relevant provision of Alaska law governs proxy solicitations rather than shareholder petitions."[20]

Here, unlike ANCSA's alienability restriction provision, subsection 7(h)(1)(A)(iii) does not expressly incorporate a specific state law to apply to an issue unique to ANCSA stock. Additionally, unlike *Rude*, Plaintiff is asserting garden-variety state law claims and does not contend that he cannot bring those claims in state court. As such, *Rude* is distinguishable.

The Supreme Court has "consistently emphasized that, in exploring the outer reaches of [federal question jurisdiction], determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system."[21] Restraint in the exercise of the Court's jurisdiction is particularly warranted when the dispute concerns the relation between a tribe and its members.[22] Under Plaintiff's apparent interpretation, ANCSA subsection

---

[20] *Rude*, 690 F.3d at 1130–31 (citing Alaska Stat. § 45.55.160).

[21] *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986).

[22] *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n.32 (1978); *Newtok Village v. Patrick*, Case No. 21-35230, __ F.4th ___, 2021 WL 6061565, at *9 (9th Cir. Dec. 22, 2021) (observing that

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 9 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 9 of 18

7(h)(1)(A)(iii) would permit a federal court to hear *any* Alaska Corporations Code claim involving ANCSA stock. The Court does not discern such a broad congressional intent here and, in fact, most indications are to the contrary.[23] Accordingly, the Court finds that subsection 7(h)(1)(A)(iii) does not provide federal subject matter jurisdiction over Alaska Corporations Code claims involving ANCSA stock.

Even assuming that the Court does have jurisdiction of the state law claims pursuant to subsection 7(h)(1)(A)(iii), Plaintiff's FAC does not substantively address any of the deficiencies the Court identified in the June 30 Order.[24] Accordingly, for the reasons stated in the June 30 Order, Plaintiff's FAC fails to

---

"[i]ntratribal disputes are generally nonjusticiable in federal courts").

[23] Congress neither provided an express cause of action in Section 7 of ANCSA applicable to this action nor are there any textual indications in the Act that Congress intended an implied cause of action to enforce subsections 7(h) and 7(o). *See Oliver v. Sealaska Corp*., 192 F.3d 1220, 1224 (9th Cir. 1999) (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)) ("The only textual indications in the Act are to the contrary: ANCSA's policy statement dictates that 'the [Native Claims Settlement] should be accomplished rapidly, with certainty, in conformity with the real economic and social needs of Natives, without litigation,' 43 U.S.C. § 1601(b), and the only limitation period specified in the Act relates to potential suits by the State of Alaska against the United States, *id.* § 1609." (alteration in original)). Plaintiff also does not bring a state law claim that "turn[s] on [a] substantial question[] of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 312 (2005).

[24] *See, e.g.*, Docket 30 at 8, ¶ 27 (FAC) (merely realleging that "KTC has created an illegal preferred stock that is owned only by a small privileged group of insiders, officers, directors, and their family members—to whom KTC pays dividends that disguised as salaries, directors' fees, and other forms of preference and privilege."). In particular, to the extent that Plaintiff is bringing a derivative claim, Plaintiff has failed to satisfy the pleading requirements of Alaska Statute 10.06.435 and Federal Rule of Civil Procedure 23.1.

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 10 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 10 of 18

state a claim that Defendants violated various provisions of the Alaska Corporations Code.[25]

### B. Subsection 7(o)

Subsection 7(o) generally provides that the accounts of a village corporation shall be audited annually by independent accountants, and that the audit report, or a fair and reasonably detailed summary, shall be transmitted to each stockholder of the corporation.[26]

In the June 30 Order, the Court dismissed Plaintiff's subsection 7(o) claim because the complaint did "not allege which years KTC purportedly failed to conduct an audit."[27]

Plaintiff's FAC again does not allege which years KTC failed to conduct an audit. In fact, Plaintiff admits that he cannot identify which years KTC did not audit its finances.[28] Moreover, Plaintiff has provided the Court with audited financial reports for 2017, 2018, 2019, and 2020, and a newsletter indicating that audits prior to those years have been completed.[29] Accordingly, Plaintiff's FAC fails to state a claim that Defendants violated subsection 7(o).

---

[25] *See* Docket 22 at 11–13 (June 30 order).

[26] 43 U.S.C. § 1606(o) (requiring "[e]ach audit report or a fair and reasonably detailed summary thereof [to] be transmitted to each stockholder").

[27] Docket 22 at 14 (June 30 Order).

[28] Docket 30 at 3, ¶ 10 (FAC) ("[P]laintiff does not know all of the occasions on which KTC has failed to issue a financial report . . . .").

[29] *See* Docket 30-1; Docket 30-2; Docket 30-3; Docket 30-6 ("We have now completed all our

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 11 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 11 of 18

### C. Plaintiff's Corporate Looting Claims

In addition to the specific pleading deficiencies of Plaintiff's FAC with respect to both federal and state law discussed above, the Court also finds the gravamen of Plaintiff's FAC patently without merit.

Substantially similar to his original complaint, Plaintiff's FAC alleges that KTC directors and officers are looting the company by directing profits to themselves in the form of an unofficial "dividend," all at the expense of regular shareholders. In particular, Plaintiff alleges that

> KTC has created an illegal preferred stock that is owned only by a small privileged group of insiders, officers, directors, and their family members — to whom KTC pays dividends that disguised as salaries, directors' fees, and other forms of preference and privilege. These extra distributions are paid by stealth and violate the right of equal treatment of shares in matters of dividends and distributions.[30]

Plaintiff contends this "illegal preferred stock" violates the Equal Treatment Rule.[31]

In attempted support of this accusation, Plaintiff almost exclusively relies on the fact that KTC has not paid a dividend to its shareholders in more than twenty years. But Plaintiff's lawyer, Fred Triem, has been involved in litigation against KTC for decades and does not dispute that the Alaska State Superior Court issued

---

audits and we have all our taxes up to date.").

[30] Docket 30 at 8, ¶ 27 (FAC).

[31] Docket 30 at 8–9, ¶¶ 27, 33 (FAC) (asserting that the "Equal Treatment Rule" is a "common law rule that is partially codified in [Alaska Statutes] 10.06.305(b), -.313(1) and (7), and -.542" (citing Victor Brudney, *Equal Treatment of Shareholders in Corporate Distributions and Reorganizations*, 71 Calif. L. Rev. 1073 (1983))).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 12 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 12 of 18

an order in the *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320 (Alaska 1997), class litigation that has restricted KTC's ability to pay dividends since 1999.[32] Moreover, Plaintiff does not plausibly allege facts that, if proven, could establish that the salaries and fees paid to KTC officers and directors constitute "illegal preferred stock" under Alaska law.[33] Because Plaintiff's FAC does not state "enough fact to raise a reasonable expectation that discovery will reveal evidence of" any impropriety,[34] the FAC fails to state a claim.

For the foregoing reasons, Plaintiff's FAC fails to state a claim under ANCSA or any state law corporate governance provision that might be embedded in ANCSA.[35]

---

[32] *See* Docket 13-12; *see also* Docket 11 at 2–6 (discussing Mr. Triem's litigation history against KTC).

[33] *See, e.g.*, *Demmert v. Kootznoowoo, Inc.*, 45 P.3d 1208, 1210–12 (Alaska 2002) (holding that corporation's distribution of longshoring employment opportunities to some shareholders did not constitute discriminatory distribution of corporate wealth); *Henrichs v. Chugach Alaska Corp.*, 260 P.3d 1036, 1044–45 (Alaska 2011) (holding that corporation's payment of prizes to shareholders who returned proxy ballots by certain date did not amount to an illegal distribution).

[34] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[35] Plaintiff's FAC does not adequately allege any distinct state law causes of action. To the extent that Plaintiff intended to assert any such claims, the Court declines to exercise supplemental jurisdiction over any such claims after dismissing the federal claims. *See* 28 U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction" over state law claims when the "court has dismissed all [federal] claims over which it has original jurisdiction"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("However, once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims." (citing 28 U.S.C. § 1367(c)(3))); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

The FAC also fails to allege any theory of liability as to Mr. Hills and Mr. Mills individually or state

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 13 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 13 of 18

## II. Small Business Act Claims

Plaintiff's FAC also alleges that Defendants have violated the Small Business Act ("SBA"), 15 U.S.C. § 631 et seq. According to Plaintiff, KTC, as an SBA program participant, "is required to share to the financial rewards with all of its shareholders and it cannot focus these benefits on sub-groups of shareholders or upon insiders."[36]

The Ninth Circuit has held, however, that the SBA does not provide a private right of action in similar contexts.[37] Other circuit courts have held the same.[38] Additionally, Plaintiff does not even attempt to argue that Congress intended to create a private right of action under the SBA to force an Alaska Native Corporation to pay regular dividends.[39] And Plaintiff does not identify with *any* specificity the

---

sufficient factual information to plausibly state a claim against them. *See, e.g.*, Docket 30 at 2, ¶¶ 3–4 (identifying Mr. Hills as a "principal officer" and stating that Mr. Mills, as President, "directs [KTC's] operations"); *see also* Docket 30 at 10, ¶ 40 ("Defendants Hills and Mills have established KTC's fiscal policies and they control (a) the election machinery and (b) the distribution of KTC's income.").

[36] Docket 30 at 11, ¶ 47 (FAC).

[37] *Crandal v. Ball, Ball & Brosamer, Inc.*, 99 F.3d 907, 909 (9th Cir. 1996) ("[T]he Small Business Act does not create a private right of action in individuals."); *GC Micro Corp. v. Def. Logistics Agency*, 33 F.3d 1109, 1111 (9th Cir. 1994) ("The Small Business Act provides no private right of action to enforce [Small Disadvantaged Business] goals."), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).

[38] *See, e.g.*, Aardwoolf Corp. v. Nelson Cap. Corp., 861 F.2d 46, 48 (2d Cir. 1988); *Integrity Mgmt. Int'l, Inc. v. Tombs & Sons, Inc.*, 836 F.2d 485, 487 n.4 (10th Cir. 1987) (noting parties agreed there was no private right of action under SBA); *Tectonics, Inc. of Fla. v. Castle Constr. Co.*, 753 F.2d 957, 959 (11th Cir. 1985); *Royal Servs., Inc. v. Maintenance, Inc.*, 361 F.2d 86, 92 (5th Cir. 1966) ("[T]here was no intent [in SBA] to create civil rights of action in private persons."); *accord Searcy v. Hous. Lighting & Power Co.*, 907 F.2d 562 (5th Cir. 1990) (affirming Rule 11 sanctions where plaintiff brought private action under SBA).

[39] *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("The judicial task is to interpret the

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 14 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 14 of 18

statute or regulation KTC has allegedly violated. Plaintiff only cites to the SBA statutes at large and the cited regulatory provisions have no relevance to the allegations in Plaintiff's FAC.[40] Accordingly, Plaintiff's FAC fails to state a plausible claim under the Small Business Act and its regulations.

### III. Leave to Amend

The remaining issue is whether to permit Plaintiff an additional opportunity to file an amended complaint. "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"[41] A district court's discretion to dismiss a complaint without leave to amend is particularly broad where, as here, a plaintiff has previously been permitted leave to amend.[42] The Court addresses leave to amend with respect to each claim.

---

statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.").

[40] *See* Docket 30 at 11, ¶ 48 (FAC) (citing 13 C.F.R. pt. 124 and 13 C.F.R. § 124.109, -.112, -.604).

[41] *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[42] *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *see also Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 15 of 18

### A. Subsections 7(h)(1)(A)(i), (ii)

Given that (1) KTC's bylaws clearly establish that KTC shares carry a right to vote in elections and carry a right to dividends when distributed; (2) Plaintiff's FAC fails to allege otherwise and does not cure the deficiency of the original complaint in this respect; and (3) subsection 7(h)(1)(A)(i) clearly does not impose any requirement on the holding or timing of elections, the Court finds that any further leave to amend with respect to claims under ANCSA subsection 7(h)(1)(A)(i) and (ii) would be futile.[43]

### B. Subsection 7(h)(1)(A)(iii)

As the Court lacks federal question jurisdiction over Plaintiff's state law claims and, in any event, Plaintiff failed to cure the deficiencies of the original complaint and state plausible state law claims,[44] the Court finds that any further leave to amend with respect to claims alleging a direct violation of, or violations of state law as incorporated into, ANCSA subsection 7(h)(1)(A)(iii) would be futile.

### C. Subsection 7(o)

ANCSA contains no statute of limitations applicable to claims alleging violations of subsection 7(h)(1)(A) or 7(o). 28 U.S.C. § 1658, which provides a four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990, does not apply here because ANCSA section 7 was

---

[43] *See* Docket 13-13 at 4, art. IV (C)(1), (2) (Articles of Incorporation).

[44] *See also* supra note 35 (declining to exercise supplemental jurisdiction).

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 16 of 18
Case 1:20-cv-00009-SLG Document 41 Filed 01/18/22 Page 16 of 18

enacted prior to that date. Prior to the enactment of § 1658, federal courts adopted the analogous state statute of limitations for actions arising under a federal statute when the federal statute did not provide for its own statute of limitations, if it was not inconsistent with federal policy to do so.[45] The Alaska Supreme Court has held that actions against corporations and their directors are governed by the statute of limitations for actions sounding in contract, *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1324–25 (Alaska 1997), and under Alaska Statute 09.10.053, the statute of limitations for an action arising out of a contract is three years. Because Plaintiff has provided the Court with audited financial reports for the past four years, the statute of limitations has run on any prior years that may have not been audited. Accordingly, the Court finds that any further leave to amend with respect to claims under ANCSA subsection 7(o) would be futile.

### D. SBA

Because Plaintiff's SBA claims are barred by Ninth Circuit precedent, the Court finds that any leave to amend those claims would be futile.[46]

---

[45] *See Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985).

[46] *Curry v. Yelp Inc.*, 875 F.3d 1219, 1222 (9th Cir. 2017) ("We also affirm the district court's dismissal of the complaint with prejudice because amendment of the complaint . . . would be futile under current precedent.").

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 17 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 17 of 18

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Plaintiff's motion at Docket 37 is DENIED. IT IS FURTHER ORDERED that Defendants' motion to dismiss at Docket 36 is GRANTED.

Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter a final judgment accordingly.

Dated this18th day of January, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:20-cv-00009-SLG, *Adams v. Kake Tribal Corporation, et al.*
Order re Motion to Dismiss First Amended Complaint and Motion to Determine Rule of Law
Page 18 of 18
Case 1:20-cv-00009-SLG   Document 41   Filed 01/18/22   Page 18 of 18